[No. 508.    January 4, 1893.]

## JESUS MARIA TRUJILLO, PLAINTIFF IN ERROR, v. TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR.

CRIMINAL LAW—HOMICIDE—MURDER—EVIDENCE—VERDICT.—On a trial for murder in the first degree, where it appears there was a substantial conflict of evidence, but it also appears there was evidence for the prosecution, which, if true, sustains a verdict of guilty, the verdict will not be disturbed on appeal.

ID.—ASSIGNMENT OF ERROR—EVIDENCE.—An assignment of error for the admission of improper evidence, not objected to and exception saved in the court below, will not be available in the appellate court.

ID.—EVIDENCE—INSTRUCTIONS.—In such case, where defendant testified, in his own behalf, that, when he gave himself up, it was the first time he had heard that he was charged with the murder, which occurred about four months before in the town of Valecito, where he had been a number of times afterward, and four witnesses testified, in rebuttal, that it was a matter of common notoriety in said town, that defendant was charged with the murder, and the court, of its own motion, instructed the jury that the testimony in rebuttal only went to the question of the probability of the defendant having heard that he was charged with the crime, if he was in said town after the killing, and they must not consider it as evidence tending to prove that the defendant killed the deceased, such instruction was not in violation of section 2055, Compiled Laws, providing that the court shall not comment upon the weight of the evidence.

ID.—ALIBI—EVIDENCE—INSTRUCTIONS.—It was not error in the court below, in such case, to refuse to instruct the jury that "a bare preponderance of the evidence, when tending to prove an alibi, is sufficient, and that to establish an alibi it is not necessary that the jury should be fully satisfied of its truth, and that the accused is not bound to prove an alibi beyond a reasonable doubt." Whilst, according to a number of authorities, it is not necessary for the defense, in a criminal prosecution, to establish an alibi beyond a reasonable doubt, and some of the earlier decisions go so far as to hold that a preponderance of the evidence is sufficient to maintain such a defense, it is now well settled, by the weight of authority, that, when an alibi is relied on in such case, the burden of proof is on the accused to establish it to the satisfaction of the jury, and, where the court instructs the jury "that if the evidence clearly sustains this defense," such instruction is substantially equivalent to an instruction that the issue must be proven to the satisfaction of the jury.

ID.—INSTRUCTIONS, SUFFICIENCY OF.—Where the defendant fails to ask for additional instructions, and the court, in the instructions given, fairly presents the issues to the jury, its failure to instruct on all possible theories of the case is not error, as this court has repeatedly held. Territory v. O'Donnell, 4 N. M. 210; U. S. v. De Amador, 6 N. M. 178.

ERROR, from a judgment convicting the defendant of murder in the first degree, and sentencing him to the penitentiary for life, to the First Judicial District Court, Taos County. Affirmed.

The facts are stated in the opinion of the court.

BENJAMIN A. READ, J. H. CRIST, and A. READ for plaintiff in error.

Where the testimony is conflicting, there must be some positive evidence or the verdict will be set aside. Territory v. Romine, 2 N. M. 148; Same v. Maxwell, Id. 250; Same v. Kelly, Id. 307.

A verdict will be set aside, where there is no evidence to justify it. This court has virtually so held in Armijo v. New Mexico Town Co., 3 N. M. (Gil.) 439.

The court erred in its instruction numbered 8 1-2, which the defendant insists is a comment on the weight of the evidence, and contrary to law. Sec. 2055, Comp. Laws, N. M.; Herrera v. Chavez, 2 N. M. 85; D. & G. R. R. v. Harris, 1 W. C. Rep. 826; Kirchner v. Laughlin, 28 Pac. Rep. 505.

The court erred in not instructing the jury more fully on the law in reference to an alibi. 1 Am. and Eng. Encyclopedia of Law, 454, 455, and note 8, with authorities cited.

EDWARD L. BARTLETT, solicitor general, for the territory.

There is nothing in the case of Territory v. Romine 2 N. M. 114, cited by defendant, bearing on this case. But in the case of Territory v. Webb, Id. 148, the court says, at page 154: "It can not be said that the verdict was contrary to the evidence, because there was positive evidence, which, if true, fully justified the verdict."

In the case of Territory v. Maxwell, 2 N. M. 250, cited by defendant, the court says: "The jury are the judges of the weight and credibility of the witnesses, and where there is a conflict of testimony their finding will not be disturbed, if sustained by any testimony."

The defendant is again wrong in citing the case of Territory v. Kelly, 2 N. M., which is found at page

292 and not page 307; this is the case of Franklin, where the court at page 316 says: "The objection assumes that the statute forbidding the judge to comment on the weight of the evidence applies to criminal cases, which is by no means settled, and which it is unnecessary now to determine."

The case of Armijo v. New Mexico Town Co., also cited by defendant, only affirms the general doctrine that it is proper for the court to direct a verdict where there is no adverse evidence.

Section 2055, Compiled Laws, has never been held to apply to criminal cases, and it is very doubtful whether the court would so decide. Territory v. Franklin, 2 N. M. 316, cited supra. But if it should, the objection could not apply to instruction number 8 1-2.

In regard to the alibi, "an alibi is a fact shown in rebuttal of the state's evidence, and it does not demand a specific instruction from the court." 1 Am. and Eng. Encyclopedia of Law, 456. Though as a matter of fact the court did give a separate special instruction on the subject covering the law. Instruction number 8, record, page 11.

As to instructions as to alibi see State v. Sutton, 30 N. W. Rep. (Iowa) 367.

McFie, J.—The defendant, Jesus Maria Trujillo, who is also plaintiff in error here, was convicted of murder in the first degree, and sentenced to the penitentiary for life, at the May term, 1892, of the district court of the First judicial district, sitting in Taos county. Defendant moved for a new trial in the court below, and, the same being overruled by the court, he has brought the case to this court by writ of error, seeking a review and reversal of the judgment and sentence of the court below.

The first, second, and seventh assignments are, substantially, that the verdict of the jury was not

sustained by the evidence, that the verdict was against
the weight of the evidence, and that the court erred in
overruling the motion for a new trial, based upon these
grounds. These assignments of error will be consid-
ered together, as they are practically one. Upon the
trial of this cause in the court below the jury were the
judges of the weight of the evidence, and also of the cred-
ibility of the witnesses, and in the exercise of their powers
they agreed upon a verdict of guilt. The law is well settled
in this territory that where there is a substantial conflict
MURDER: evi-    of evidence, even in a criminal proceeding,
dence: verdict. it is the province of the jury, and not of
the court, to determine the facts established by the
evidence. In the case of Territory, etc., v. Webb, 2
N. M. 147, this court said: "It can not be said that
the verdict was contrary to the evidence, because there
was positive evidence, which, if true, fully justified the
verdict." "It is such a well established rule as scarcely
to require repetition that when there is competent
evidence the jury are the judges of its credibility and
the weight to be attached to it." Territory v. Max-
well, 2 N. M. 250. In a very recent case, decided by
this court at its last term, the court again refused to
disturb the verdict of a jury based upon conflicting
testimony. "In regard to the contention that the ver-
dict is not sustained by the weight of the evidence, it
has been held in a very great number of cases that an
appellate tribunal will not weigh the evidence in a case
where there is a direct conflict, but will accept and act
upon that which the court and jury trying the case
deemed most trustworthy. The cases in which a judg-
ment has been reversed upon the ground that the ver-
dict is not sustained by the evidence are rare. Many
appellate courts refuse to consider such a case at all;
the theory being that the court and jury, who saw the
witnesses and heard them testify, were in a better posi-
tion to determine the weight that should be given to

their evidence than are the judges of the appellate court." Hicks v. Territory, 6 N. M. 596. That there was a substantial conflict in the testimony in this case is undoubted, but it is equally true that there was evidence for the prosecution which, if true, sustained the verdict of guilty. The witness Susana Sisneros swore positively at the trial below that she was present at the time of the killing, and saw the defendant kill the deceased, and describes the manner in which it was done. If the testimony of this witness is true, it can not be doubted that it fully sustains the verdict of the jury. But counsel contend that the testimony of this witness is not worthy of belief, because she stated at other times that her husband had killed the deceased. The record shows that, while she did state to her uncle that her husband killed the deceased, she says she did so because the defendant had told her, at the corner of her uncle's house, that, if she did not say that her husband killed the deceased, he (defendant) would kill her. It may well be doubted whether the witness intended to swear before the coroner's jury that her husband killed the deceased, or whether she simply intended to admit that she had so stated to her uncle; but, however that may be, such testimony went to her credibility only, and this was a matter as fully within the province of the jury to determine as was the weight of the evidence. The defendant had the benefit of a motion for a new trial. "This was addressed to the sound discretion of the court below. The chief justice of this court, who presided as judge in that court, heard all of the testimony as it was uttered by the witnesses. He, as well as the jury, had the opportunity to notice the manner, and to some extent the character of each witness on the stand. * * * All this is an utter blank to the other members of this court, and renders them much less competent to weigh this conflicting evidence, should they attempt to do so." Ter-

ritory v. Webb, 2 N. M. 147. The above language was used in the consideration of an assignment of error that the verdict of the jury was against the weight of the evidence, but is equally applicable to this case.

The third and fourth assignments of error will also be considered together. The third assigns the admission of illegal evidence as error; and the fourth, instruction number $8\frac{1}{2}$, evidently based upon the evidence referred to in the third assignment of error.

From the record it appears that the killing occurred in a small town called Vallecito, on or about the twen-ty-eighth day of December, 1889. On the trial in the court below the defendant, in his own behalf, testified, among other things, that he gave himself up to the officer about the second or third of March, 1890. He was then asked: "Question. Was that the first time you had heard that they had charged you with this thing? [Referring to the killing of Martinez.] Answer. Yes, sir. Q. And you had never heard that they had charged you with it, before that time? A. No. Q. That was about four months after the time the man was killed, wasn't it? A. I don't know how long. Q. How long were you gone from Rio Arriba, that time you went up there? A. I was all the time in the county, with the exception of a few days I spent in Conejos. Q. Didn't go into the town of Vallecito very often, did you? A. Yes, sir. During that time I went sometimes. Q. Didn't you go as often as you did at times before? A. The same as I go now, or used to go before." Four witnesses were examined in rebuttal, and allowed to testify that it was a matter of common notoriety in the town of Vallecito, between the time of the killing and the surrender of the defendant, that the defendant was charged with the killing of the deceased; and this is the evidence alleged to have been erroneously admitted. There was an objection made to one question upon this subject,

*ASSIGNMENT of error: evidence.*

VOL. 7 N. M.—4

in the examination of the first witness, Ramona Martinez; but the question was afterward repeated and answered without objection, and similar testimony was given by the other witnesses without objection. It was not the province or duty of the court to exclude evidence not objected to; and hence the admission of this evidence can not be made available in this court as error. An assignment of error for the admission of improper evidence should be based upon the action of the court where objection was made and exception saved in the court below.

The fourth assignment of error is based upon instruction number 8½, given by the court upon its own motion, which is as follows: "In the tes-

EVIDENCE: instructions. timony in rebuttal there was evidence to the effect that the general talk in Vallecito, as to the killing of the deceased, connected the name of the defendant with said killing. You are instructed that said testimony only goes to the question of the probability of the defendant having heard that he was charged with the crime, if he was often in Vallecito after the killing; and you must not consider it as evidence tending to prove that the defendant killed the deceased." Counsel for the prisoner contend that this instruction is in violation of section 2055, Compiled Laws, which provides: "Before the argument is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court. All instructions asked, and the charge of the court, shall be in writing. The court shall instruct the jury as to the law of the case, but shall not comment upon the weight of the evidence," in that it is a comment by the court upon the weight of the evidence. That section 2055 applies to criminal cases, we do not feel called upon to decide; for, whether it does or not, the instruction is not subject to the objection made. The court does not attempt to place a

value upon this evidence, but refers to the evidence in order that it might limit the application of it to the credibility of the defendant as a witness, and prevent its consideration by the jury upon the question of the guilt of the defendant. The evidence having been admitted without objection, the court was evidently impressed with the opinion that such instruction was necessary to fully protect the rights of the defendant, and therefore out of abundant caution, and of its own motion, gave the explanatory instruction. The instruction made it clear to the jury that such evidence was applicable only to the credibility of the defendant as a witness for himself, and that it was not to be considered upon the question of the guilt of the defendant. It was therefore given in the interest of the defendant, and for his protection; and he can not be heard to object to that which was in his own interest, and which could not and did not work injury to him. The court had an undoubted right to confine the application of the evidence referred to in the instruction to that branch of the case which it tended to establish, and upon which it was offered and admitted; and in doing so, by the language used, the court did not comment upon the weight of the evidence, within the meaning of section 2055, Compiled Laws.

The fifth assignment of error, and the last we deem it necessary to consider, is that "the court erred in failing to instruct the jury more fully on the law with reference to an alibi." The language of this assignment is an admission that the court did instruct the jury specially as to the alibi claimed, and, ALIBI: evidence: turning to the record, we find that the instructions. court gave the following instruction upon that subject: "No. 8. The defendant has introduced evidence of an alibi; that is, evidence to the effect that he was not present at the time and place where the killing occurred. This is a legitimate method of defense; and if you

believe that the evidence clearly sustains this defense, or raises in your minds a reasonable doubt as to the guilt of the defendant, you must acquit him." Counsel for the prisoner refer us to the American and English Encyclopedia of Law (pages 454–456, and cases there cited), and we find that the citations are mainly from the supreme court of the state of Iowa. It is insisted that the court erred in failing to "instruct the jury that a bare preponderance of the evidence, when tending to prove an alibi, is sufficient, and that to establish an alibi it is not necessary that the jury should be fully satisfied of its truth, and that the accused is not bound to prove an alibi beyond a reasonable doubt." State v. Hord, 46 Iowa, 623; State v. Reed, 62 Id. 40; State v. Hamilton, 57 Id. 598; Turner v. Com., 86 Pa. St. 54. That an alibi is a matter of defense is too well stated to require discussion or the citation of authorities, but the amount of proof required to establish this defense is not uniform. That it is not necessary for the accused to establish this defense beyond a reasonable doubt is supported by a long line of authorities. In the earlier decisions of the supreme court of Iowa and some other states, it was held that a preponderance of the evidence was sufficient to maintain this defense. We are, however, of the opinion that the weight of authority is now settled that, where an alibi is relied upon as a defense in a criminal prosecution, the burden of the proof rests upon the defendant to establish it, to the satisfaction of the jury. State v. Jennings, 81 Mo. 185; Garrity v. People, 107 Ill. 162; Creed v. People, 81 Id. 565; State v. Hemrick, 62 Iowa, 414; State v. Reed, Id. 40; State v. Krewsen, 57 Id. 588; State v. Hamilton, Id. 598; State v. Vincent, 24 Id. 570; State v. Ostranden, 18 Id. 435; State v. Waterman, 1 Nev. 453; French v. State, 12 Ind. 670; Ware v. State, 67 Ga. 349; Com. v. Webster, 5 Cush. (Mass.) 324; State v. Davidson, 30 Vt.

377; Fife v. Com., 29 Pa. St. 429. The court gave an instruction upon the defense of an alibi in this case which is clearly within the law as now settled. The court uses the words "that if the evidence clearly sustains this defense," but this is substantially the same as an instruction that the issue must be proven to the satisfaction of the jury. In order that the jury shall be satisfied, the evidence should be clear, and there is no substantial difference in the language. But the court goes further, and gives the defendant the benefit

INSTRUCTIONS: of a reasonable doubt, in this connection,
sufficiency of. by instructing the jury that, if the evidence

of this subject raised in their minds a reasonable doubt as to the guilt of the defendant, they must acquit him. These instructions placed the issue fairly before the jury, and gave the defendant the benefit of all his legal rights. Such being the case, it is not ground of error that the court did not "more fully." instruct the jury, especially where the record, as in this case, does not show a request for further instructions. If the accused deemed further instructions necessary, it was his privilege to request them and thereby give the court an opportunity to comply with his request. The court has repeatedly held that if the defendant fails or refuses to avail himself of the privilege of requesting additional instructions, and the court, in its instructions, fairly represents the issues to the jury, it is not error that the court did not more fully instruct the jury upon all possible theories of the case. Territory v. O'Donnell, 4 N. M. 210; U. S. v. De Amador, 6 Id. 178; Express Co. v. Kountz, 8 Wall. 342. There being no reversible error in this record, the judgment of the court below is affirmed, and it is so ordered.

FREEMAN and LEE, JJ., concur.