COMMONWEALTH *vs.* BENJAMIN GINSBERG.

Suffolk. May 14, 1934. — May 24, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Perjury.* *Practice, Criminal,* Requests, rulings and instructions, Exceptions.

Where, at the trial of an indictment for perjury charging that in previous proceedings the defendant had testified falsely that he had not visited a certain house in June with another person and had never visited the house with that person, there was evidence that the defendant had visited the house with that person in May or June and in the spring, and the trial judge instructed the jury that the Commonwealth must prove the allegations in the indictment precisely as charged, there was no error in a refusal by the judge to instruct the jury that evidence, that the defendant was at the house "some time in" the year in question or "in the spring," did not support the allegations in the indictment, and that therefore the defendant must be found not guilty: the judge was not required to give the jury instructions upon a fragment of the evidence.

Where, at the trial of an indictment for perjury charging that in previous proceedings the defendant had testified falsely that he had not written certain words on a certain piece of paper, there was ample evidence to support the charge and the trial judge instructed the jury that if the written words in question "were not material to the issue" in the previous proceedings, the false testimony alleged in the indictment was not perjury, there was no error in the refusal of a request by the defendant for a ruling that if such words were written previous to the signing of the paper by another person and with the consent of the persons concerned it was not material to the issue in the previous proceedings who did the actual writing: the request refused was argumentative in nature, and the defendant's rights were sufficiently protected by the instruction given.

Where an indictment charged a crime and the defendant at the trial
    saved no exception with respect to an alleged variance between the
    allegations in the indictment and the proof on a certain point, the
    question of variance was not open to him at the argument in this
    court of exceptions presented by him following a verdict of guilty.

INDICTMENT, found and returned on July 13, 1932,
described in the opinion.

The indictment was tried in the Superior Court before
*Hall*, C.J. Material evidence is stated in the opinion. The
Chief Justice, among other things, instructed the jury that
"even if the defendant swore falsely on a matter not ma-
terial to the issue in question you must find the defendant
not guilty.". Other rulings given and refused are stated in
the opinion. The defendant was found guilty on the first
and second counts of the indictment, and alleged exceptions.

*J. H. Soble & S. A. Aisner*, for the defendant, submitted
a brief.

*W. J. Sullivan*, Assistant District Attorney, for the
Commonwealth.

RUGG, C.J.  The defendant was indicted for perjury.
The first count charged that on a stated date at the trial
of a suit in equity between Reuben A. Grossman, as
petitioner, and Benjamin Ginsberg, as respondent, the
defendant was sworn as a witness, whereupon the question
became material to the issue on trial whether the defendant
visited the home of said Reuben A. Grossman, in Quincy,
with one Harry K. Stone twice during the month of June,
1929, and that as to this question the defendant did falsely,
wilfully and corruptly testify and say in substance and
effect that he did not visit the home of said Grossman
with said Stone twice during the month of June, 1929,
and that he never visited the home of said Grossman with
said Stone. The second count charged that at the same
trial the defendant was sworn as a witness, whereupon the
question became material to the issue on trial whether
said Ginsberg had written the words "as per agreement
with Grossman" upon a described receipt for $500, that
as to this question said Ginsberg did falsely, wilfully and

corruptly testify and say in substance and effect that he, the said Ginsberg, did not write the quoted words upon the described receipt. There was testimony from divers witnesses that Ginsberg was at the house of Grossman, in Quincy, with Harry K. Stone in May or June of 1929, and in the spring of 1929. There was other evidence supporting the allegations of the indictment.

The defendant excepted to the denial of his request for instructions: "Evidence that the defendant was in the home of Reuben A. Grossman 'sometime in 1929' or 'in the spring of 1929' does not support the allegations contained in count 1 of the indictment and you must therefore find the defendant not guilty as to that count." At the same time the jury were instructed that the Commonwealth must prove the allegations in the indictment precisely as charged. There was evidence to support the allegations of count 1. There was no error in the denial of the request because the trial judge was not required to charge the jury upon a fragment of the evidence. The case was to be considered on all the evidence. *Commonwealth* v. *Trippi*, 268 Mass. 227, 231.

Subject to the exception of the defendant, a request for instruction was denied to the effect that if the evidence shows that the words "as per agreement with Grossman" on the receipt were written prior to the signing by Ginsberg and with the consent of both parties it was not material to the question in issue who did the actual writing. There was ample evidence to support the charge. The defendant testified that those words on the receipt were not in his handwriting. There was no error in the denial of this request. It was argumentative in nature. The jury were instructed that if those words written on the receipt "were not material to the issue, then such statements alleged in count 2 are not perjury." This sufficiently protected the rights of the defendant.

The defendant has argued that there was a fatal variance between the allegation and proof in this respect: the indictment charged that the perjury was committed in a suit between Reuben A. Grossman as petitioner and Ben-

jamin Ginsberg as respondent while the proof showed that the Colonial Realty Corporation was joined with Ginsberg as respondent. No exception was saved during the trial covering this point. Therefore it is not open to the defendant. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 25. The principle of *Commonwealth* v. *Andler*, 247 Mass. 580, to the effect that this court of its own motion will take notice that the complaint sets forth no crime known to the law, is utterly inapplicable. The indictment in the case at bar charged a crime. The defendant failed to avail himself of the opportunity open to him at the close of the trial to raise the point now argued.

*Exceptions overruled.*