MARY LIMOGES *vs.* EUGENE J. LIMOGES.

Essex. April 6, 1934. — June 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Marriage and Divorce*, Separate maintenance, Proof of marriage. *Evidence*, Presumptions and burden of proof.

At the hearing in a probate court of a petition by a woman for separate maintenance, the burden is on the petitioner to prove that she is the wife of the respondent.

Where, at the hearing of such a petition, there was testimony by the woman that, previous to a marriage ceremony between the petitioner and the respondent, she had married and later divorced another man; and testimony by the other man that he and she had never been married nor divorced, but had lived together as husband and wife, representing themselves to be such, a finding by the judge of probate, that "the allegation of said petition that she is the lawful wife of" the respondent had not been "sustained" by the petitioner, could not be said by this court to be plainly wrong; and a decree dismissing the petition was proper.

A fact finding tribunal need not believe nor disbelieve the testimony of any witness in its entirety, but may find a state of facts not wholly consistent with the testimony of any one witness.

PETITION, filed in the Probate Court for the county of Essex on July 19, 1933, described in the opinion.

The petition was heard by *Dow*, J., by whose order a decree dismissing it was entered. The petitioner appealed. The evidence was not reported in full. The judge filed a report of material facts, which included a statement of certain evidence. Material facts and evidence so reported are described in the opinion.

The case was submitted on briefs.

*M. A. Cregg*, for the petitioner.

*H. F. Collins & M. J. Batal*, for the respondent.

LUMMUS, J. A marriage ceremony performed in this Commonwealth in 1924 purported to make the parties husband and wife. The defence to a petition for separate support was that the petitioner had a husband living at

the time of the ceremony. G. L. (Ter. Ed.) c. 207, § 4. In the course of contradictory testimony, she testified that she married a man named Walters in New York in 1895 and divorced him in New York after bearing him four children. Walters testified that he and the petitioner were never married or divorced, but lived together in New York as husband and wife, representing themselves to be such. A decree was entered dismissing the petition on the ground that "the allegation of said petition that she is the lawful wife of Eugene J. Limoges is not sustained." The petitioner appealed.

No error is shown. The burden was on the petitioner to prove that she was the wife of the respondent. *Marshall* v. *Marshall*, 236 Mass. 248, 250. We cannot reverse the judge on a question of fact depending on oral testimony unless the evidence reported shows that he was plainly wrong. *Norcross* v. *Mahan*, 283 Mass. 403. Compare *Hannah* v. *Frawley*, 285 Mass. 28. Cohabitation as husband and wife was evidence of a lawful marriage between the petitioner and Walters, to say nothing of the petitioner's testimony as to a marriage. G. L. (Ter. Ed.) c. 207, § 47. *Means* v. *Welles*, 12 Met. 356, 361. *Finer* v. *Steuer*, 255 Mass. 611, 620, 621. *Edwards* v. *Cockburn*, 264 Mass. 112, 125, 126. There was evidence that there had been no divorce. In finding the truth from the evidence, a judge need not believe nor disbelieve the testimony of a witness in its entirety, but may find a state of facts which is not wholly consistent with the testimony of any one witness. *Jefferds* v. *Alvard*, 151 Mass. 94, 95. *Marquandt* v. *Boston Young Women's Christian Association*, 282 Mass. 28, 31.

*Decree affirmed.*