LOUIS STAGER *vs.* G. E. LOTHROP THEATRES CO.

Suffolk.   May 16, 1935. — July 10, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Assault.   Theatre.   Police.   Agency,* Special police officer.   *Practice, Civil,* Requests, rulings and instructions.

The proprietor of a theatre may be held liable in an action of tort for assault if a special police officer appointed under St. 1898, c. 282, § 2, uses excessive force in removing from the theatre a ticket holder whose right to attend it has been revoked, or uses any force in removing without proper cause a ticket holder whose right to attend it has not been revoked; and no reversible error appeared in the refusal of certain rulings requested by the defendant in such an action.

TORT.   Writ dated December 4, 1930.

The action was tried in the Superior Court before *Macleod,* J.   There was a verdict for the plaintiff for $1,500, of which he remitted $750.   The defendant alleged exceptions.

The case was submitted on briefs.

*E. A. Whitman,* for the defendant.

*J. F. Cavanagh,* for the plaintiff.

LUMMUS, J.   The plaintiff got a verdict for an assault and battery committed by a special police officer who was employed by the defendant to keep order at the Howard Theatre.   There was evidence for the plaintiff that the officer struck him without warning and without provocation. There was contrary evidence for the defendant that the plaintiff received his injury by accident during the reasonable attempt of the officer to eject the plaintiff after he had been ordered to leave because of his noisy conduct and had refused to go.

The first instruction requested by the defendant was as follows:  "The plaintiff having purchased a ticket for the performance at the defendant's theatre was a mere licensee and as such the defendant owed him no duty except to refrain from wantonly and wilfully causing him harm."   Even if this had been a case of alleged negligence instead of assault, this instruction could not have been given.   It confuses two

different uses of the word licensee. In the law of real property, the purchaser of a theatre ticket is a licensee and not a lessee. *Essex Theatres Co.* v. *Commonwealth*, 265 Mass. 210, 213. But in the law of negligence he is an invitee entitled to reasonable care for his safety, and not a mere licensee whose presence is only tolerated and who is entitled only to freedom from wilful or wanton injury. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 347–348. In the case at bar, which was for assault, the requested instruction would have been a useless abstraction, even if it had been correct. *Commonwealth* v. *McKnight*, 283 Mass. 35, 40.

The second instruction requested by the defendant read: "The plaintiff being a licensee in the defendant's theatre, the theatre had the right to revoke that license at any time and after such revocation the plaintiff became a trespasser in the theatre and the defendant had a right to remove him by the use of such degree of force as his resistance should render necessary for that purpose." Generally speaking, that requested instruction stated the law. *Burton* v. *Scherpf*, 1 Allen, 133, 134. *Ryan* v. *Marren*, 216 Mass. 556, 559. In the charge the judge, without exception by the defendant, made the right to revoke the license and eject the plaintiff depend upon actual misconduct on the part of the plaintiff. In that respect the charge did not conform to the law. But the instruction requested was not material to the contention of either party. The defendant's evidence, if believed, showed such misconduct, while the plaintiff's evidence was that no word of revocation preceded the blow. No secondary line of attack or defence appears to have been prepared. Even if the jury might have pieced together parts of the utterly contradictory evidence to find a state of facts to which the requested instruction would apply (*Limoges* v. *Limoges*, 287 Mass. 260), the verdict ought not to be disturbed because of an exception to the refusal of an instruction which could be made material only by a synthesis of fragments of conflicting evidence, never suggested, so far as appears, by either party. A judge need not portray the issues with so fine a brush. See *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50.

The defendant requested other instructions to the effect that it was liable only for "official misconduct" of the officer. This request was based on *Armstrong* v. *Stair*, 217 Mass. 534, and the statute therein quoted. See also *Zygmuntowicz* v. *American Steel & Wire Co.* 240 Mass. 421, 425. In other requested instructions the defendant defined "official misconduct" as "unjustifiable and unlawful behavior in assaulting the plaintiff," which in turn it defined as "using more force than is necessary to remove the plaintiff from the theatre." In *Genga* v. *Director General of Railroads*, 243 Mass. 101, 106, it was said, "If the assault is committed by the servant, not in the course of his employment but outside the scope of his duties, or in a spirit of vindictiveness or to gratify personal animosity, or to carry out an independent purpose of his own, then the corporation is not liable." It was not contended by the defendant that the officer had any purpose in his altercation with the plaintiff except the performance of his official duty as a special police officer in the employ of the defendant. *Murphy* v. *Bay State Wine & Spirit Co.* 212 Mass. 285. *Robinson* v. *Doe*, 224 Mass. 319. *Ciarmataro* v. *Adams*, 275 Mass. 521, 526, 527. If the officer assaulted the plaintiff, the defendant did not contend that the assault was not "official misconduct." What the defendant did contend was that such force as was used was justified. Under these circumstances, the requested instructions were not necessary to present the issues to the jury. But the judge did tell the jury that "in order to recover it must be shown that that act was in some way a breach of his official duties on the part of the police officer." He added, "if in the attempt to perform his official duties . . . he undertook without proper cause to use any degree of personal force on the plaintiff for the purpose of removing him, and that was done without just cause on his part, but done by him in the attempt, but wrongful and mistaken attempt, to discharge his official functions," the defendant would be liable. In this there was no error.

*Exceptions overruled.*