Commonwealth *vs.* Victor C. DeCaro.

Hampden. December 8, 1970. — April 30, 1971.

Present: Tauro, C.J., Spalding, Cutter, Reardon, & Quirico, JJ.

*Homicide. Self-Defense. Practice, Criminal,* Argument by prosecutor. *Error,* Whether error harmful. *Evidence,* Admitted without objection.

At the trial of an indictment for manslaughter committed during a quarrel in which neither the defendant nor the victim was armed and neither had an intent to kill or to inflict serious bodily harm, where the judge in a full and accurate charge stated that the "right" of self-defence arises only when no avenues of escape are open, there was no error in the refusal of a requested instruction that the defendant should be judged entirely on whether he reacted reasonably to the situation as he saw it, regardless of whether he was able to retreat and so avoid the fight [388–390]; nor was there error in the judge's failure to explicitly state that a finding that the defendant acted in self-defence entitled him to a verdict of not guilty. [390]

At the trial of an indictment for manslaughter committed outside the front door of a lounge when the defendant asked the victim to pay for his drinks, where the defendant asserted that he acted in self-defence and testified that he was employed to "[work] the floor," but the owner of the lounge, who was present at the trial, was not called as a witness by the defendant and a written statement in evidence cast doubt on his employment there, it was held that a statement by the prosecutor in his closing argument that the defendant was a mere interloper who had no right to initiate the dispute, and comment by the prosecutor on failure to call the owner, were not improper, and that any undue influence in the prosecutor's emphatic presentation was adequately counteracted by the judge in his charge. [391–392]

A question as to the admissibility at a criminal trial of certain evidence brought out on cross-examination of the defendant and not the subject of an objection or exception could not be raised for the first time in this court. [392–393]

Failure of the defendant at a criminal trial to except to questions put to him by the prosecutor, objections to which were sustained, or to ask for an instruction that the jury disregard the questions, precluded the defendant from raising the issue of their propriety for the first time in this court. [393]

INDICTMENT found and returned in the Superior Court on December 5, 1968.

The case was tried before *Macaulay,* J.

*Jay M. Forgotson* for the defendant.

*William R. Flynn,* Assistant District Attorney, for the Commonwealth.

REARDON, J. The defendant was convicted in the Superior Court of manslaughter in a trial held subject to G. L. c. 278, §§ 33A–33G, and the case is now before us on assignments of error. Relevant facts will be discussed as necessary in dealing with the points raised by the defendant.

1. The defendant objects to the judge's charge on the law of self-defence and his rejection of four of the defendant's requested instructions on this subject. The charge was complete and correct. To the extent that the requested instructions were accurate statements of the law of self-defence, their substance was fully covered in other words by the judge. The requested instructions related to the right, in the words of the charge, to use "appropriate and adequate means to protect . . . [oneself]" when one "reasonably . . . [thinks] that his personal safety or life . . . [is] in

peril." In reacting to the situation, "he is to be judged by the circumstances then existing."

The defendant's objection centers on the fact that the judge also charged the jury that the right of self-defence arises only when there are no avenues of escape open to the one attacked, whereas the requested instructions would have had the defendant judged entirely on whether he reacted reasonably to the situation as he saw it, regardless of whether he was able to retreat and so avoid the fight. The judge was also correct, however, in this aspect of the charge. It is well settled in this Commonwealth that "[t]he right of self-defence does not accrue to a person until he has availed all proper means to avoid physical combat." *Commonwealth* v. *Kendrick*, 351 Mass. 203, 212. *Commonwealth* v. *Peterson*, 257 Mass. 473, 477. *Commonwealth* v. *Trippi*, 268 Mass. 227, 232. *Commonwealth* v. *Houston*, 332 Mass. 687, 690. *Commonwealth* v. *Hartford*, 346 Mass. 482, 490. Whatever qualification of this principle might be proper in cases where the defendant is attacked with deadly force is not applicable here, where neither the defendant nor the victim was armed and it was evident that "neither . . . [had] a purpose to kill the other or to inflict on him serious or grievous bodily harm." *Commonwealth* v. *Peterson, supra,* at 477–478. The defendant's contentions that there is no requirement of retreat where nondeadly force is used in defence, or where the attack occurs at the place of employment of the one attacked, find no support in our law. His argument that "detached reflection" should not be required of the one attacked is based on a clearly inaccurate interpretation of the substance of the judge's charge, as the brief portions quoted above illustrate.

Finally, the defendant argues that because the judge did not explicitly so state, the jury might not have realized that if they found the defendant acted in self-defence he was entitled to a verdict of not guilty. We cannot feel the drawing of this inference from the judge's extensive charge on the "right" of self-defence was an undue strain on the jury's intelligence, or that they did not in fact draw it.

Commonwealth *v.* DeCaro.

2. The defendant's second objection stems from the state-
ment of the prosecutor in his closing argument to the effect
that the defendant was a mere interloper in the quarrel
which resulted in the victim's death and that he had no
right to initiate it as he did. The defendant had testified,
on the contrary, that he was employed to "[work] the
floor" at the lounge where the incident occurred. (It was
agreed that the victim, his wife and sister had visited the
lounge and left without having touched or paid for their
drinks, and that the defendant went after them to ask them
to pay. The victim was killed as a result of a blow from the
defendant on the landing outside the front door of the
lounge. The blow caused him to fall backward and to hit
his head on the concrete stairs and the parking lot below.)
There was no direct evidence that the defendant was not an
employee. However, two waitresses were called as witnesses
by the defence and not questioned on this subject. A
written statement of one, Gladys Heath, which was ad-
mitted at the trial could indicate that he was not employed
there.[1] In addition, the owner of the lounge, who was
present at the trial, was not called as a witness by the
defence. The prosecutor pointed out this fact, as well as
the ambiguous nature of Mrs. Heath's written statement,
to support his position.

After the closing argument, counsel for the defendant re-
quested the judge to instruct the jury that the defence had
no obligation to introduce further evidence on the fact of
the defendant's employment and that no inference should
be drawn from its failure to do so. This request was refused.
The defendant contends that the prosecutor's closing argu-
ment was improper and prejudicial, especially in light of the
refusal of the judge to correct it in his charge. We do not
agree.[2] The prosecutor did not distort the evidence before

---

[1] The statement recounts that after the victim and his party refused to
pay for the drinks, "I went to the back of the bar and talked to Victor DeCaro.
He is almost always in the place and Amadeo, the owner, is his brother-in-law."

[2] We assume the point was properly raised, although no objection was
taken by counsel for the defendant until after the closing argument. *Common-
wealth* v. *Hassan,* 235 Mass. 26, 33. See *Commonwealth* v. *Bottiglio,* 357 Mass.
593, 597.

the jury. The fact that he did not challenge on cross-examination the defendant's statement that he was employed at the lounge did not preclude him from raising this issue in his closing argument. In commenting on the evidence, the prosecutor did no more than point up weaknesses in the evidence of the defence on this point which were obvious. His comment on the failure to call the owner was not improper, since the owner was indisputably available and could have removed the doubt left by Mrs. Heath's statement as to the defendant's status. *Commonwealth* v. *Domanski*, 332 Mass. 66, 70–71, and cases cited. *Grady* v. *Collins Transp. Co. Inc.* 341 Mass. 502. *Commonwealth* v. *Smith*, 342 Mass. 180, 186.

Finally, whatever undue influence the prosecutor's somewhat emphatic presentation of his version of what happened might have had on the minds of the jury was adequately counteracted by the judge in his charge. Although he refused the requested instruction of the defence,[3] he instructed the jury that counsel could not add to the testimony of the witnesses and that they were not to accept conclusions of counsel drawn from arguments or facts "except as they appeal to you as reasonable conclusions for you to draw from the facts that you find true." He then went on to instruct the jury at some length as to the kinds of inferences they could properly draw.

3. The defendant complains of the prosecutor's cross-examination of the defendant designed to bring out the fact that for two days the defendant did not notify the police or anyone else that he was the one who had struck the victim. We need not reach the merits of this objection since counsel for the defendant did not object to this line of questioning at the trial. He objected only to the question whether the defendant knew the police were looking for the man who

---

[3] In fact, the judge did not once mention the defendant's alleged employment, either in connection with the question of self-defence or any other. Whether or not the defendant was an employee seems of only tangential relevance to his guilt or innocence of the crime charged. It is therefore questionable whether, even if there had been error in the prosecutor's argument on this point, it would have been prejudicial.

struck the victim, which objection was sustained. The prosecutor did not repeat this question but returned, without objection, to the defendant's silence in the period immediately following the incident. The admissibility of the evidence which thus came in "cannot be raised for the first time in this court." *Commonwealth* v. *Bottiglio,* 357 Mass. 593, 598. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 463.

4. The defendant's final objection is to two questions put by the prosecutor to the defendant asking if he had been a fighter. Objections to both questions were sustained. Counsel for the defendant did not take an exception to these questions or ask the judge to instruct the jury to disregard it. He cannot, therefore, raise this issue now. *Commonwealth* v. *Bottiglio, supra.*

*Judgment affirmed.*