COMMONWEALTH *vs.* ROBERT M. CARNEY. May 29, 1980. The defendant is appealing from his convictions on twelve of the sixteen indictments charging possession of various controlled substances with intent to distribute; the other four indictments were placed on file with the defendant's consent. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 437-438 (1975).

We note at the outset that the defendant at oral argument waived the issue of the permissible scope of the search warrant. (This is consistent with what he has done all along because that issue was not raised at trial, cf. *Commonwealth* v. *Lewis*, 346 Mass. 373, 383 [1963], cert. denied, 376 U.S. 933 [1974], or in his earlier appeal of a pretrial motion to suppress in this matter, see *Commonwealth* v. *Carney*, 7 Mass. App. Ct. 891 [1979].) We also note that the issue of recusal of the trial judge does not rise to the level of argument within the meaning of Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975). Notwithstanding the above, we have analyzed these claims of error and conclude that neither of them affords a basis for reversal of the defendant's convictions.

The only remaining issue is whether the judge erred in not granting the defendant's motion for a mistrial made after the prosecutor's opening. We think that he did not. "As a general rule, counsel is free to state in his opening anything that he expects to be able to prove by evidence." *Commonwealth* v. *Clark*, 292 Mass. 409, 410 (1935). "This expectation must, of course, have been reasonable and grounded in good faith." *Commonwealth* v. *Fazio*, 375 Mass. 451, 456 (1978). Even if the testimony that the prosecutor alludes to in his opening does not fully materialize during

trial, "it will not be presumed that [he] acted in bad faith." *Id.* at 454. On careful review of the relevant portions of the transcript, we conclude that the evidence amply demonstrates a basis for a good faith belief of the prosecutor that he would be able to prove the content of his opening remarks, i.e., the approximate "street value" in dollars of the controlled substances found in the defendant's closet.

In sum, we think the defendant received a fair trial and that his convictions should stand.

*Judgments affirmed.*

*Kevin P. Phillips* for the defendant.

*Margaret Ishihara,* Legal Assistant to the District Attorney (*Charles J. Hely,* Assistant District Attorney, with her) for the Commonwealth.