COMMONWEALTH *vs.* JOSEPH NADILE. October 14, 1980. The defendant appeals from his conviction of assault and battery.

1. There was no error in the judge's denial of the defendant's motion to dismiss for want of a speedy trial. See *Barker* v. *Wingo*, 407 U.S. 514, 532 (1973). We agree with the judge's determination that the defendant has not demonstrated that the eighteen-month delay in his trial was prejudicial so as to warrant dismissal of the complaint against him. *Commonwealth* v. *Look*, 379 Mass. 893, 901-902 (1980). *Commonwealth* v. *Cooke*, 4 Mass. App. Ct. 775, 776 (1976).

2. The judge could properly deny the defendant's request to allow two inmates to take the witness stand when they intended to claim their Fifth Amendment privilege not to testify. "If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow [the witness] to take the stand." *United States* v. *Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973). After two voir dire examinations of the witnesses the judge determined that they could and

would properly assert their Fifth Amendment privileges. "[W]here it is clearly known in advance that a witness will exercise a privilege not to testify, he should not be put in the position of having to exercise the privilege before the jury . . . ." *Commonwealth* v. *Labbe*, 6 Mass. App. Ct. 73, 79 (1978).

3. Although we do not necessarily agree with the judge's reasons for excluding the victim from the courtroom during the voir dire examinations of the two inmate witnesses, it was not error for him to do so. The judge could within his discretion properly exclude the victim from the courtroom during these proceedings. Cf. *Commonwealth* v. *Murphy*, 282 Mass. 593, 597-598 (1933).

4. The defendant complains of the judge's refusal to permit the two inmate witnesses to be paraded before the jury. Here again, the discretion of the judge carries great weight. *Commonwealth* v. *Murphy, supra.* We see no abuse of that discretion. Cf. *Commonwealth* v. *Reynolds*, 338 Mass. 130, 138 (1958); *Commonwealth* v. *Happnie*, 3 Mass. App. Ct. 193, 198-199 (1975). In addition, it cannot be said that in these circumstances the defendant was denied his right to present a defense. Contrast *Commonwealth* v. *Keizer*, 377 Mass. 264, 266-268 (1979).

5. The defendant's claim of error regarding the admission of hospital records describing the victim's injuries is totally devoid of merit. The records were competent evidence, and their admission was in the judge's discretion. *Commonwealth* v. *Franks*, 359 Mass. 577 (1971). G. L. c. 233, § 79, as amended through St. 1974, c. 225. The defendant's assertion that the records are exculpatory is puzzling, but, in any event, we are unable to see how the defendant might have been prejudiced by not receiving them until the first day of trial.

6. Although the prosecutor's closing argument sailed rather close to the wind, we cannot say that in this instance she went beyond permissible limits. See *Commonwealth* v. *O'Rourke*, 311 Mass. 213, 222-223 (1942). It was fair for the prosecutor to comment on the defendant's failure to call Joey Ganno, a witness who "would have been [a] logical person to corroborate the defendant's story." *Commonwealth* v. *Smith*, 342 Mass. 180, 186-187 (1961). Not only did Ganno ride in the same car with the defendant to the scene of the incident, but he was present throughout the entire imbroglio. Moreover, Ganno was not incarcerated at the time of trial, as were the two inmate witnesses. See *Commonwealth* v. *McCabe*, 163 Mass. 98, 102 (1895); *Commonwealth* v. *DeCaro*, 359 Mass. 388, 391-392 (1971).

7. The remaining issues raised by the defendant present no question of law not already disposed of above.

*Judgment affirmed.*

*Richard F. Benway* (*Sharon M. Harrington* with him) for the defendant.
*Sharon D. Meyers*, Special Assistant District Attorney, for the Commonwealth.