## THE STATE v. FELTER.

1. Criminal law: CHANGE OF VENUE. Under our statute (Rev., § 4733) the question of a change of venue is confided to the sound discretion of the court; and, unless it affirmatively appears that such discretion has been abused, its action will not be disturbed.

2. —— EVIDENCE: AFFIDAVITS FOR CONTINUANCE. Where, under sections 3013 and 4750 of the Revision, the facts stated in affidavits for a continuance on the ground of absent witnesses are admitted by the

32    49
87    608

32    49
103   12

32    49
f 109  652
109   743

32    49
119   661
32    49
126   463

The State v. Felter.

State and read on the trial as the evidence of the absent witnesses, in order to avoid a continuance, such affidavits are not admissible on a second trial of the cause at a subsequent term.

3. —— RIGHT TO OPEN AND CLOSE ARGUMENT: INSANITY. Where, in a prosecution for murder, the defense does not controvert the killing, but denies the necessary malicious intent on the ground of insanity of the defendant, the burden of proof to establish such intent being upon the State, the defendant is not entitled to the opening and closing of the argument.

4. —— INSANITY: ONUS PROBANDI. In a criminal prosecution, where the insanity of the prisoner is the defense, it is incumbent on him to overcome the presumption of sanity and establish his insanity by a preponderance of testimony, or evidence that is satisfactory. It seems that the rule requiring the evidence in a criminal prosecution to satisfy the jury, beyond a reasonable doubt, of the defendant's guilt is applicable only to the general conclusion of guilty or not guilty upon the whole evidence, and not to any one fact in the case.

*Appeal from Linn District Court.*

WEDNESDAY, JULY 26.

INDICTMENT for murder. The defendant was first tried in March, 1867, found guilty of murder in the second degree, and sentenced to the penitentiary for life. He appealed to this court, and the judgment was reversed and a new trial ordered. The case is reported in 25th Iowa, 67, which see for a statement of the facts in full. Upon the second trial, in March, 1869, he was again found guilty of murder in the second degree and received a like sentence. The defendant again appeals.

*I. M. Preston & Son* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

COLE, J. — I. Before the case was called for trial and at a proper time, the defendant moved for a change of venue

1. CRIMINAL LAW: change of venue. from the district on account of the prejudice of the judge. This motion was overruled and hereon the first error is assigned. Under our statute, the

question of a change of venue is committed to "the sound discretion of the court." Rev., § 4733. In such case, an appellate tribunal will not interfere except there is an abuse of sound discretion shown.   *State* v. *Ross and Mann*, 21 Iowa, 467, and other cases.   No such showing is made in this case.

II. Upon the first trial in March, 1867, the defendant applied for a continuance on the ground of the absence of material witnesses, and filed his affidavit stating the facts he expected to prove by them. To avoid a continuance, the State admitted "that the witnesses, if present, would swear to the facts thus stated." Rev., § 4750 and 3013.   Upon the second trial, in March, 1869, the defendant offered to read said affidavit to the jury, as the testimony of the witnesses therein stated.   On objection thereto by the State the court excluded the same, and this is assigned as the second error.

*2. EVIDENCE: affidavits for continuance.*

There was no error in excluding the affidavit.   The only reason for requiring a party to admit that the witnesses, if present, would swear to the facts stated in the affidavit, is that he may have a trial at that term and avoid a continuance.   If, for any other cause, the case is continued or trial had at a subsequent term, the reason, as well the consideration for the admission made, ceases; and the necessity for using the affidavit also ceases, since the party then has ample opportunity to procure the attendance of the witnesses themselves, or their depositions.

III. The defense was grounded mainly upon the alleged insanity or monomania of the defendant.   His counsel asked that they be allowed the opening and closing argument to the jury.   The refusal to grant this constitutes the third assigned error.   It was necessary for the State to prove both the killing and the malicious intent.   The former was not controverted, but the latter was denied; and for the proof of the denial the defendant endeavored to show that he was so mentally

*3. —— right to open and close argument: insanity.*

deranged at the time as to be incapable of entertaining the malicious intent. The intent was therefore not admitted, but was left for the State to establish by proof. Hence, it was not error to refuse defendant's counsel the opening and closing argument to the jury. *Loefrier* v. *The State*, 10 Ohio St. 598.

IV. The defendant asked the court to instruct, "if the jury entertain, from the evidence, a reasonable doubt as to criminal intent, or as to whether the defendant was of sound mind and discretion, the defendant is entitled to the benefit of that doubt, and your verdict should be, 'not guilty;'" which the court refused. Instead thereof the court instructed the jury: "It is not necessary in order to acquit, that the evidence upon the question of insanity should satisfy you, beyond all reasonable doubt, that the defendant was insane; it is sufficient, if, upon consideration of all the evidence and the facts and circumstances disclosed by the testimony, you are reasonably satisfied that he was insane. If the weight or preponderance of the evidence shows the insanity of the defendant, it raises a reasonable doubt of his guilt." The refusal of the one and the giving of the other is the fourth assigned error.

4. —— insanity: *onus probandi.*

It is not disputed that the current and weight of authorities are in accord with the instruction as given by the court, and in our opinion it has also the support of reason, humanity and public policy. Formerly the rule was, that where an accused relied upon the defense of insanity, it was incumbent upon him to prove his insanity beyond a reasonable doubt. *The State* v. *Spencer*, 1 Zab. (N. J.) 196; *The State* v. *Brinyea*, 5 Ala. 241; *The People* v. *Myers*, 20 Cal. 518; *State* v. *Herting*, 21 Mo. 477; 1 Whart. Am. Cr. Law, § 55. Many cases, however, state the rule substantially as it was given by the district court in this case. *Loefrier* v. *The State*, 10 Ohio St. 598; *Fisher* v. *The People*, 23 Ill. 283; *The*

*Commonwealth* v. *Kimball,* 24 Pick. 366; *The Common-wealth* v. *Rogers,* 7 Metc. 500; *Graham* v. *The Common-wealth,* 16 B. Monr. 589; *Bonfanti* v. *The State,* 2 Minn. 123; *State* v. *Starling,* 6 Jones (N. C.), 366; *State* v. *Klinger,* 43 Mo. 127; *State* v. *Bartlett,* 43 N. H. and many other cases.

The appellant's counsel rely upon *The People* v. *Mc-Cann,* 16 N. Y. 58; S. C., 3 Park. C. C. 272, and *Hopps* v. *The People,* 31 Ill. 385, in support of the instruction as asked by them. The first case (16 N. Y.) does not support that view, but does support the view taken by the court. BOWEN, J., who wrote the leading opinion of the court in that case, says: "It is also a rule, well established by authority, that where, in a criminal case, insanity is set up as a defense, the burden of proving the defense is with the defendant, as the law presumes every man to be sane. But I apprehend that the same evidence will establish the defense which would prove insanity in a civil case. The rule requiring the evidence to satisfy the jury beyond a reasonable doubt is one in favor of the individual on trial charged with crime, and is applicable only to the general conclusion, from the whole evidence, of guilty or not guilty." The case of *Hopps* v. *The People* was decided by a majority opinion (Mr. Justice WALKER *dissenting*), and is directly in conflict with the previous unanimous holding of the same court in *Fisher* v. *The People,* 23 Ill. 283. See, also, *Chase* v. *The People,* 40 id. 352, explaining the *Hopps case.*

We also find that a majority of the supreme court of Indiana sustains the doctrine in the *Hopps case,* in *Polk* v. *The State,* 19 Ind. 170, and also in *Stevens* v. *The State,* reported in 9 Law Reg. (N. S.) 1870, p. 530. See, also, *The People* v. *Garbutt,* 17 Mich. 9. We have given to the question our careful and deliberate consideration, and are persuaded that the matter of reasonable doubt has ever been wisely limited to the general conclusion of

guilty or no, upon all the evidence in the case; that it cannot safely be applied to any one fact in the case, howsoever material it may be; that the sanity of the accused being once established in the case, either by direct and positive testimony, or by the presumption of law, or both, the accused cannot avoid it, it being in its nature an affirmative defense, except by a preponderance of proof, or (which is the same) satisfactory evidence of his insanity. The instruction of the court was therefore correct. *The State* v. *Nash & Redout*, 7 Iowa, 347; *The State* v. *Ostrander*, 18 id. 435.

V. The only other error assigned is, that the verdict is contrary to the evidence. We have given to the evidence a careful reading, and are fully satisfied that the jury came to a correct conclusion upon it. Aside from the terrible atrocity of the crime and the revolting circumstances attending its perpetration, there is substantially nothing to support the defense of insanity.

Affirmed.