### ˙State v. Hemrick.

1. **Practice in Supreme Court:** EVIDENCE NOT IDENTIFIED. The only way oral evidence introduced on the trial of a cause can be preserved and identified, for the purpose of an appeal to this court, is by a bill of exceptions signed by the trial judge; and certain alleged evidence in this case, not being so identified, cannot be considered.

2. ———: PRESUMPTION IN FAVOR OF INSTRUCTION. Where an instruction in a criminal cause was good in the case of certain possible defenses, but it does not appear from the record what the defense was, this court cannot presume that the instruction was improperly given.

3. **Criminal Law:** ALIBI AND INSANITY AS DEFENSES: BURDEN OF PROOF. A defendant in a criminal cause setting up as a defense *alibi* or insanity, has the burden of proof to establish these defenses. *State v. Bruce,* 48 Iowa 530, and *State v. Hamilton,* 57 Id., 596 followed. [See also *State v. Reed, ante* 40.]

*Appeal from Marshall District Court.*

TUESDAY, DECEMBER 11.

INDICTMENT for robbery from the person of one Anderson. Trial by jury, verdict "guilty," judgment, and defendant appeals.

*Lincoln King*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—This cause was submitted on written transcript. There is a paper before us which does not constitute a part of the transcript, nor is it referred to therein. It is not certified to by the clerk. It purports to set out a portion of the evidence introduced on the trial, and it is certified to by Thos. P. Dering, who states that he is the official reporter of the district court in and for the eleventh judicial district. The attorney-general insists that this paper cannot be recognized by this court, because it is not properly authenticated; and this we think must be so. The only way oral evi-

dence introduced on the trial of a cause can be preserved and identified, for the purpose of an appeal to this court, is by a bill of exceptions, signed by the trial judge. The assignment of error, therefore, argued by counsel, based upon what purports to be a portion of the evidence so certified, cannot be considered, simply because there is not sufficient proof that such evidence was introduced.

II. The transcript before us contains only the indictment, the instructions, verdict, judgment, and the proceedings of the court prior to commencing the trial. The appellant complains of the following instructions given the jury: "If the evidence offered and introduced on the part of the state, taken above, is sufficient to establish the defendant's guilt beyond a reasonable doubt, then it is incumbent on the defendant to explain the facts so proved by the state, or establish his defense, and this may be done by a preponderance of the evidence; that is, if the circumstances so proved by the defense be established by a preponderance of the evidence, it necessarily leaves the material facts in dispute reasonably doubtful. If the evidence of the state fails to show the defendant guilty, he is entitled to an acquittal, unless the evidence introduced on the part of the defendant, which you deem creditble and of any weight, so strengthens the proofs offered by the state as to leave no reasonable doubt of his guilt. If, upon the whole proof, and under all the evidence, there is reasonable doubt of defendant's guilt, he is entitled to an acquittal." The objection made to the foregoing instruction is, that the defendant is required to establish his defense by a preponderance of the evidence. Conceding this to be so, then the question is —as we do not have the evidence before us—whether the instruction can be sustained as to any possible defense relied on by the defendant. This court has held that, as to the defense of insanity, or *alibi*, the foregoing instruction would be correct. *State v. Hamilton*, 57 Iowa, 596; *State v. Bruce*, 48 Id., 530. Following these cases, the judgment of the district court is

AFFIRMED.