# THE STATE v. TROUT.

1. **Murder** : INSANITY AS DEFENSE : BURDEN OF PROOF. The court instructed the jury as follows : " When the state shows beyond reasonable doubt, in the first instance, that the defendant is guilty, then defendant comes to his plea of insanity ; and, when he comes to rely on such plea, then, under the law, he is required, in order to excuse his act on account of the alleged insanity, to show by a preponderance of the evidence,—that is, by the greater weight of credible evidence in the case,—that he was insane." *Held* correct, and that the court was not required to give another instruction to the effect that, if insanity was made probable by the evidence, defendant should be acquitted. ( Compare *State v. Jones,* 64 Iowa, 356.)

2. ———— : IMPRISONMENT FOR LIFE : FORM OF VERDICT. Where the court instructed the jury that, if they found defendant guilty of murder in the first degree, they should determine whether he should be punished by death, or by imprisonment for life at hard labor in the state penitentiary, and they found him guilty, and that he " should be punished by imprisonment in the penitentiary for life," *held* that the omission of the words " at hard labor " did not render the verdict fatally defective, but that defendant was properly sentenced to imprisonment for life at hard labor.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 26, 1888.

DEFENDANT was convicted of the crime of murder in the first degree, committed on or about the third day of July, 1886, in Sioux City, by shooting one Edward Hatch. The shooting by defendant, and the death of Hatch as a result thereof, are not denied; but it is claimed that defendant was insane when he fired the fatal shot, and that, therefore, he should have been acquitted. A motion for a new trial was overruled, and judgment rendered requiring that defendant be imprisoned in the state penitentiary at Anamosa for life at hard labor. Defendant appeals.

VOL. 74—35

*J. N. Weaver*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J.—This case was submitted on a voluminous transcript of the record, without an abstract, without any assignment of errors or argument of counsel, and with the citation of but a single authority. In this condition of the case, we have examined the record with care, for the purpose of ascertaining what errors, if any, had been committed in the district court, and the grounds upon which defendant relies for a reversal of the judgment.

I. The defendant asked the court to give the jury the following instruction:

"While, in this case, the sanity of the defendant at the time of shooting Hatch, the deceased, is presumed by the law, and the burden of proving insanity rests upon defendant, still if you believe from the evidence that, at the time of such shooting, it is probable that defendant was insane, then the presumption of sanity is overcome, and defendant is entitled to an acquittal."

1. MURDER: insanity as defense: burden of proof.

The court refused this instruction, but charged the jury as follows:

"When the state shows beyond reasonable doubt, in the first instance, that the defendant is guilty, then defendant comes to his plea of insanity; and, when he comes to rely upon such plea, then, under the law, he is required, in order to excuse his act on account of the alleged insanity, to show, by a preponderance of the evidence,—that is, by the greater weight of credible evidence in the case,—that he was insane."

Other portions of the charge, which we need not set out, further explained the paragraph quoted. The charge given was as favorable to defendant as was the instruction he asked. In legal effect, if a claim is made probable by the evidence, it is for the reason that the

preponderance of the evidence is in favor of the claim. The case of *State v. Jones*, 64 Iowa, 356, cited by appellant, is not against this conclusion; but, on the contrary, sustains it. The charge to the jury as to the issue of insanity was in accord with numerous decisions of this court, and was, we think, correct.

II. The court instructed the jury as to the necessary elements of murder in the first degree, and that it was punishable with death, or with imprisonment for life at hard labor in the state penitentiary, as determined by the jury. The body of the verdict returned by the jury was in words following: "We, the jury, find the defendant, George Trout, guilty as charged, that is, guilty of murder in the first degree; and we say that he should be punished by imprisonment in the penitentiary for life." It was insisted in the district court that the verdict was fatally defective, and insufficient to authorize a judgment against defendant, for the reason that it neither authorized the punishment of death, nor imprisonment for life at hard labor in the penitentiary. The objection was founded upon the omission of the words "at hard labor" from the verdict. The law recognizes but two punishments for the offense of which defendant was convicted, and it was the duty of the jury to designate which of these punishments should be inflicted. While the verdict was not so complete as it might have been, yet it indicates beyond question which of the only two punishments authorized in this case it designed to have adjudged.

We discover no error in the record, and the judgment of the district court is therefore

