THE STATE OF IOWA v. ALONZO ROBBINS, Appellant.

**Rebuttal Evidence:** DISCRETION. It is within the discretion of the trial court to permit the state to introduce, in rebuttal, evidence properly a part of its main case.

NON-EXPERTS. Where they testify to acquaintance, conversation and associations with accused, a question as to their opinion of his sanity, based on what they saw of him and their acquaintance with him, is improper, as permitting them to take into consideration facts not testified to by them.

**Insanity:** BURDEN OF PROOF. The burden is on accused to establish the defense of insanity by a fair preponderance of the evidence.

JURY QUESTION: *Instructions.* To support accused's plea of insanity due to an injury in infancy, there was evidence tending to show that his mother and one of her brothers were epileptics; that epilepsy might cause insanity, and that another brother was insane; that when accused was three years old he fell on a stick, which penetrated his palate and had to be cut out, and that thereafter he was subject to moody and morose spells; he ran away from home when ten years old and never returned; some years before the crime charged he developed symptoms of epilepsy, had frequent pains in his head, and at such times acted in a very peculiar manner; that, his wife having left him, he was greatly affected; that he professed a sincere love for his wife and child. Borrowing a pistol from a friend, he went to where his wife was, and, after a brief interview, shot her. *Held*, that he was entitled to a charge that insanity, once shown to exist, would be presumed to continue.

OPENING AND CLOSING. Plea of insanity does not relieve the state from proving every fact essential to make out the crime, and hence the state has the right to open and close.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., ·Judge.

WEDNESDAY, DECEMBER 13, 1899.

INDICTMENT for the crime of murder in the first degree. The verdict was guilty, and from the judgment imposing a sentence of life imprisonment the defendant appeals.—*Reversed.*

*F. M. Ballinger* for appellant.

*Milton Remley,* Attorney General, and *C. A. Van Vleck* for the state.

WATERMAN, J.—I. During the argument of the case to the jury, the judge went into a room adjoining the court room and remained a short time. This fact and the misconduct of one Marshall, the attorney appointed to defend the accused, are made the first grounds of complaint. As we find a new trial must be had upon other grounds, and neither of these matters is likely to again occur, we need give them no further mention.

II. One defense interposed was insanity. The defendant asked the court to instruct the jury, in substance, that unless they were satisfied beyond a reasonable doubt that defendant was sane at the time of the commission of the offense, they could not convict. And, in another paragraph asked, the rule was announced that it is not necessary that the insanity of the accused be established by a preponderance of evidence; that such defense is made out, if, upon the whole evidence, the jury entertain a reasonable doubt as to sanity. These instructions were refused, and the jury were told, substantially, that if they found, by a fair preponderance of the evidence, that the killing was done through an insane impulse, they should acquit, otherwise they should convict; and in another instruction the court said that sanity was presumed, and the burden was upon defendant to establish insanity by a fair preponderance of the evidence. Counsel insist that the burden is upon the

state to establish sanity, as it must every other ingredient of the crime. This proposition is ably discussed both in reason and upon authority. We hardly feel justified in following counsel, or going outside our own cases. We take the rule to be well established in this state, and it is in accord with the charge given. *State v. Felter*, 32 Iowa, 49 ; *State v. Geddis*, 42 Iowa, 264; *State v. Bruce*, 48 Iowa, 530. In this last case, defendant asked an instruction similar in terms to the one asked in the case at bar, and it was refused. We approved the ruling. Formerly the rule was that, where the accused relied upon the defense of insanity, it was incumbent upon him to prove that condition beyond a reasonable doubt. The modification adopted in this state is in accord with reason and humanity, but the dictates of neither call for any further relaxation of the rule.

III. Complaint is made of the trial court's refusal to give two instructions asked by defendant in relation to the legal effect of a mental malady operated upon by intoxicating liquors taken. The jury was fully instructed as to the effect, in law, of defendant's insanity, upon his act. The subtle theory of these instructions would have tended to confuse rather than enlighten them. See *State v. Donovan*, 61 Iowa, 369. Furthermore, we doubt whether the evidence warranted any such instructions.

IV. Defendant asked another instruction to the effect that insanity, once shown to exist, will be presumed to continue. This is a correct rule of law. 1 Greenleaf Evidence, section 42 ; *State v. Jones*, 64 Iowa, 349-360. The court refused the instructions, and gave no equivalent in its charge. The state attempts to meet this point by saying that the evidence did not tend to show insanity during childhood. It is true that, in the instruction asked, a physical injury received by defendant in his infancy is recited as the probable cause of his mental disease; and, if the visible effects of this injury were alone to be considered in reaching a conclusion on this

issue, there might be some support for the view taken by counsel for the prosecution. But there was other testimony before the jury. There was evidence going to show that defendant's mother was an epileptic; that one of her brothers was afflicted with the same disease, and another was insane; and that epilepsy may cause insanity. The evidence further tended to show that when defendant was about three years old he had a fall, in which a stick penetrated the roof of his mouth to such an extent that it had to be cut out. This wound did not heal for a long time. After this injury defendant was subject to moody and morose spells. When about ten years of age, he ran away from his home and never returned. Some years prior to the commission of the offense charged, he developed symptoms of epilepsy; had frequent pains in the head, and at such times acted in a manner so peculiar as to attract attention from observers. In time he married. After the birth of a child his wife left him, taking the child, going to her mother's home in Keokuk, and refused to again live with him. The evidence tends to show that this greatly affected defendant; that he professed sincere love for his wife and child. On the day of the killing, he borrowed a pistol from a friend, went to the house where his wife was working, and, after a brief interview, shot her dead. All of these facts were before the jury, and it was their duty to consider them. We do not wish to be understood as expressing any opinion as to the weight to be given this evidence, when taken, as it should be, in connection with that introduced by the state. We only say that, on defendant's theory, there was sufficient foundation for giving to the jury the rule of law requested; for, if the evidence on defendant's part is to be believed, he manifested symptoms of insanity many years before the shooting occurred, and these continued to be shown at frequent intervals down to that time.

V. It is urged that the court should have given an instruction that insanity may constitute a partial defense, even

when it is not of a degree sufficient to deprive the act wholly of criminal intent. The instruction given with relation to insanity was such as is usual in cases of this character, and we think it was all that was required.

VI. Defendant asked and was refused, the right to open and close the case to the jury; and of this ruling complaint is now made. The theory of counsel seems to be that, because the defense of insanity had to be established by a preponderance of evidence, the affirmative of the whole case was with defendant. But this is not so. The burden in this, as in every other, criminal trial, is upon the state to establish the commission of the offense by defendant. The plea of insanity does not amount to a confession that the act was done by defendant, and that responsibility therefor is to be avoided by proof of mental unsoundness. Such a plea does not relieve the state from the necessity of proving every fact essential to make out the crime. The burden was upon the state in the first instance, and it had the right to open and close the case.

VII. We come now to rulings on evidence. A few general remarks will aid in disclosing the points sought to be made by defendant. A non expert witness may give an opinion upon the question of sanity, provided he first discloses the facts upon which such opinion is based. Rogers Expert Testimony, section 61. The opinion thus expressed must be founded alone upon facts given by the witness to the jury. *Furlong v. Carraher,* 102 Iowa, 358; *Parsons v. Parsons,* 66 Iowa, 754; *Pelamourges v. Clark,* 9 Iowa, 1; *State v. Pennyman,* 68 Iowa, 216; *State v. Stickley,* 41 Iowa, 232. All of the facts which afford a ground for the opinion must be stated, in order that the weight or value of the conclusion may be tested. Going now to the record, we find that defendant introduced a nonprofessional witness who testified to knowing defendant when the latter was in childhood, and detailed certain facts with relation to such acquaintance. Among other things he stated that defendant,

when an infant received a severe hurt, and was thereafter subject to morose and moody spells. He was then asked, on direct examination, this question: "State whether or not, in your opinion, based upon your acquaintance with Alonzo Robbins, he was sane during the time these spells were upon him." This question was also propounded: "State whether or not, after the accident and injury as above mentioned, you considered Alonzo Robbins insane or of unbalanced mind." Both of these questions were ruled out, and correctly so. In neither case was the witness required to base his opinion upon the facts, alone, to which he had testified. Practically the same question was held incompetent in *State v. Stickley* and *Parsons v. Parsons, supra.* A number of non-experts were introduced on the part of the state, who each expressed the opinion that defendant was sane. They testified to a more or less extended acquaintance with him, to conversations and associations, and gave their opinion in response to substantially this question: "From what you have seen of him (that is, your acquaintance with him, and the actions that you have seen of him), state whether or not, in your opinion, he was insane." We take this question exactly as it appears in the record of the examination of one witness. The other questions under consideration do not differ from it in any essential feature. The questions were properly objected to by defendant, and the objections overruled. For the reasons given above in relation to the examination of defendant's non experts, we think these rulings were incorrect. The witness, in forming his opinion to express in response to these questions, was left full liberty to take into consideration facts not given by him to the jury. We are unable to perceive that these questions differ in any substantial particular from the one noted above, as asked by defendant of a witness, which was ruled out by the court.

VIII. Complaint is made that the state was allowed to introduce evidence in rebuttal that was properly a part of the main case. This was a matter within the discretion of the trial court. Moreover, it is un-

likely that such a question will arise on another trial. For the errors pointed out, a new trial will be ordered, and the judgment REVERSED.

GRANGER, J., not sitting.