STATE OF IOWA, Appellee, v. FRANK HUMBLES, Appellant.

Assault with intent to commit murder: INSANITY: BURDEN OF
1  PROOF. In a prosecution for assault with intent to commit murder, the defendant has the burden of proving the defense of insanity to the reasonable satisfaction of the jury, by a preponderance of the evidence.

Insanity: EVIDENCE. The jury is not required to accept as a verity
2  the statements of experts based on hypothetical questions, as to the insanity of a defendant, but may weigh it as other testimony and from all of the evidence on the subject determine the fact.

*Appeal from Monroe District Court.*— HON. ROBERT SLOAN, Judge.

TUESDAY, FEBRUARY 7, 1905.

DEFENDANT was indicted for the crime of an assault with intent to commit murder. He was convicted of the crime of an assault with intent to commit manslaughter, and from the judgment and sentence imposed appeals.—*Affirmed*.

*Woodson & Brown* and *O. C. G. Phillips,* for appellant.

*Charles W. Mullan, Attorney-General,* and *Lawrence De Graff, Assistant Attorney-General,* for the State.

DEEMER, J.—. That the defendant committed the assault charged is practically conceded. His principal defense to the charge was insanity. The alleged errors relied upon for a reversal we shall take up in their order.

It is contended that the court erred in overruling defendant's challenge to a juror named Taunton. The case in this respect falls clearly within the rule announced in *State v. Munchrath,* 78 Iowa, 268, and other like cases. Indeed, the showing of prejudice is not so strong here as in those cases.

II.   Next it is insisted that the trial court erred in its instructions regarding the testimony introduced to show insanity. The instructions complained of read as follows:

1. INSANITY: burden of proof.

"It is not necessary, in order to acquit, that the evidence on the subject of insanity should satisfy you beyond a reasonable doubt that the defendant was insane. It is sufficient if, upon a full consideration of all the evidence in the case, and all the facts and circumstances therein, that you are reasonably satisfied thereof  *  *  *  The burden of proof is upon the defendant to show that when the defendant shot at his wife, if he did so, he was insane, and that his act in so doing was the direct result thereof; and he must establish the same to your reasonable satisfaction by a preponderance of the evidence in the case. But if the defendant has established the same by the weight or preponderance of the evidence, then it raises a reasonable doubt of the defendant's guilt, and entitles him to an acquittal; otherwise it will not entitle him to an acquittal." These instructions, while not in accord with the law in some other jurisdictions, have full support in our cases. *State v. Felter,* 32 Iowa, 49; *State v. Bruce,* 48 Iowa, 530; *State v. Novak,* 109 Iowa, 717; *State v. Robbins,* 109 Iowa, 651; *State v. Wright,* 112 Iowa, 436; *State v. Thiele,* 119 Iowa, 659.

III.   Lastly, it is argued that the verdict is against the testimony, in that defendant's insanity was clearly shown, and practically undenied. True, there was considerable ex-

2. INSANITY: evidence.

pert testimony tending to show defendant's insanity, but these experts gave their opinions upon hypothetical questions, which assumed a state of facts

most favorable to the defendant's theory. The jury may not have found all these assumptions correct, or it may have believed that certain other facts shown by the State should be considered as bearing upon this issue. At any rate, it was not bound to take this expert evidence as conclusive. It had the right to weigh this testimony the same as any other, and to give credit where it thought it was due. The State introduced testimony tending to show a motive for the assault, and also produced evidence as to the conduct of the defendant, from which the jury may have concluded that he was sane. Moreover, defendant was a witness on his own behalf, and thus submitted himself as an exhibit as to his mental condition. The whole matter was for the jury, and with its finding we have no disposition to interfere.

There is no error in the record, and the judgment is *affirmed*.