**STATE of Iowa, Appellee,**

v.

**Mary Lou CARSTENS, Appellant.**

**No. 54211.**

Supreme Court of Iowa.

Dec. 15, 1970.

Paul H. Kinion and Thomas L. Koehler, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Clayton L. Wornson, County Atty., Mason City, for appellee.

REES, Justice.

Defendant Mary Lou Carstens was informed against by county attorney's true information and charged with the crime of murder in violation of section 690.2, Code, 1966. She was tried and convicted by a jury of murder in the first degree and following conviction was sentenced by the Cerro Gordo district court to life imprisonment in the Women's Reformatory at Rockwell City. She appeals from this judgment and we affirm.

Defendant assigns four errors upon which she relies for reversal, asserting error in the failure of the court to instruct upon the issue of defendant's insanity under the so-called Durham Rule and A.L.I. Rule. Through her attorneys who represent her for the purposes of this appeal, defendant alleges the trial court erred in giving instruction number 26, the pertinent parts of which are:

"Insanity, as the word is used in these instructions, means a diseased or deranged condition of the mind which renders a person incapable of knowing or understanding the nature and quality of her act, or unable to distinguish right or wrong in relation to that act.

"The test of insanity is this: First, did the defendant have such mental capacity to know and understand what she was doing; and second, did she know and understand that it was wrong and a violation of the rights of another? To be sane and thus responsible to the law for the act committed the defendant must be able both to know and understand the nature and quality of her act and to distinguish between right and wrong at the time of the commission of the offense."

Defendant contends the instruction above was erroneous because it failed to include a statement of the Iowa rule on irresistible impulse. She also advances the argument that the court's instruction improperly defines insanity as it constitutes a legal defense to a crime. We are urged to adopt either the rule of United States v. Freeman, 2 Cir., 357 F.2d 606, (which is also commonly referred to as the A.L.I. Rule) or the rule in Durham v. United States, 94 U.S.App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430. The defendant further contends instruction 26 is ambiguous, misleading and presents no clear standard for the jury to determine what measure or quantum of proof is necessary for the defendant to meet or establish her defense of insanity.

■ The legal test for insanity in Iowa is still the M'Naghten Rule, the substance of which is set out in Instruction 26. State v. Harkness (Iowa) 160 N.W.2d 324, 337; State v. Arthur (Iowa) 160 N.W.2d 470, 478–479; State v. Booth (Iowa) 169 N.W.2d 869, 871.

■ However, we do not reach the substance of the asserted errors because the

attorney who represented the defendant upon the trial of the case below failed to object or except to the instructions and to preserve the asserted error for consideration on appeal as is required by rule 196, R.C.P. State v. Gilmore (Iowa) 181 N.W.2d 145, filed November 10, 1970; State v. Schmidt, 259 Iowa 972, 979–980, 145 N.W.2d 631, 635–636.

The applicable part of rule 196, R.C.P. is as follows:

"* * * Before reading them to the jury, the court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after the argument to the jury and before the instructions are read to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal."

This court held in State v. Gilmore, *supra*,

"This rule requires, in order to predicate error for review upon the trial court's refusal to give requested instructions, proper exceptions must be preserved by the party timely specifying the part of the instruction requested and refused and the particular point or points of law or questions of fact in dispute which the court supposedly erred by omission to instruct."

We do not have under consideration here the failure to give a requested instruction as none were requested. No request was made by trial counsel to elaborate upon the instructions given, to expand or extend them, or to submit by way of instruction to the jury any other standard for legal insanity as a defense to crime than was submitted by the trial court. No objection or exception was taken specifically to instruction 26 as is required by rule 196 and the cases interpreting the rule. No motion for a new trial was filed by defendant. Because of the failure to preserve the alleged error at trial level, we are unable to reach the substance of the challenge to Iowa's standard on insanity as a defense to crime, but as indicated supra objection here would have been fruitless. We therefore conclude since no exceptions were taken to trial court's failure to instruct on alternative standards for legal insanity, the assignments of error present nothing for us to review.

This case is therefore affirmed.

Affirmed.

All Justices concur.