**Leroy Wayne EARP, Appellant,**

v.

**Hoyt C. CUPP, Warden, Oregon State
Penitentiary, Appellee.**

**No. 25398.**

United States Court of Appeals,
Ninth Circuit.

Jan. 10, 1972.

John Wiley Gould (argued), of Mc-Colloch, Dezendorf, Spears & Lubersky, Portland, Or., for appellant.

Jacob Tanzer, Sol. Gen. (argued), Lee Johnson, Atty. Gen. of Or., David H. Blunt, Asst. Atty. Gen., Salem, Or., for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and CURTIS,* District Judge.

KOELSCH, Circuit Judge:

Habeas corpus.   In his application, Earp alleged that (1) several admissions used against him at his state trial were involuntarily made; (2) that they were secured in violation of his right to counsel and (3) that he was denied due process by an Oregon statute which casts upon an accused the burden of proving insanity.   The district judge, at the conclusion of an evidentiary hearing, found against petitioner and denied the writ. We affirm.

1.   The admissions were made and petitioner was tried prior to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.

* Honorable Jesse W. Curtis, Jr., United States District Judge, Los Angeles, California, sitting by designation.

1602, 16 L.Ed.2d 694 (1966); hence, since the rule announced in that decision is not retroactive [Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966)] the test of admissibility is whether, in the light of the attendant circumstances, the admissions were in fact voluntary. We agree with the district judge that they were.

The first series of incriminating statements were given by petitioner in the course of a rambling conversation with one of the detectives during the automobile ride back to Portland, Oregon from Pendleton, where he had been arrested. Prior to the return trip the detectives had advised him that he need not speak out and, if he did so, any of his statements could be used against him.

The second series of statements were made the following day. Petitioner, after being taken before a magistrate, who had again advised him of his right to remain silent, was immediately driven in a police car to the scene of the crime. While seated in the vehicle, he was questioned by a police officer. During the course of the questioning, which extended over a period of approximately one hour, he admitted the killing.

The last of the statements consisted of petitioner's acknowledgment that an automobile tire found by the police near the scene of the crime belonged to him. It was made to a police officer who entered the room while petitioner was being visited by his parents and showed him the tire.

The record affirmatively shows that petitioner was advised of his Fifth Amendment right to remain silent; that he was not induced to speak by resort to any promises, threats or other improper inducements; that he was mentally alert at all critical times; that he was not held incommunicado or subjected to grilling or lengthy interrogation and that no psychological pressures were exerted upon him. In short, the "totality of the circumstances" [Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963)] show that petitioner's statements were in fact voluntary.

2. Petitioner gave his statements after the Supreme Court had rendered its decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). But on this record we find the rule in that decision is inapplicable. Petitioner was first informed of his right to consult with an attorney by the detectives immediately upon their arrival in Pendleton to return him to Portland. However, at that time he declined an offer to call an attorney. On his arrival in Portland, he declined to make any statement, telling the district attorney that he wanted an attorney. Petitioner was then taken to jail and kept there until he was brought before the magistrate for a preliminary arraignment. Although again informed of his right, he gave no indication that he desired counsel and, immediately afterwards, was taken to the scene of the crime where he freely discussed with the officer his participation.

Under *Escobedo,* a statement is not inadmissible in the absence of a request for counsel. There, the police were "unmistakably informed" of Escobedo's wishes [Frazier v. Cupp, 394 U.S. 731, 739, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969)], but in the instant case, as in *Frazier,* his responses to inquiry concerning counsel were vague and his behavior indicated a complete willingness to proceed without legal advice.

3. Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), provides the authoritative answer to petitioner's remaining contention. In that case the Supreme Court rejected an attack on the constitutional validity of the predecessor Oregon statute which is identical in all material respects to the one presently questioned by petitioner.

The judgment is affirmed.