**STATE of Iowa, Appellee,**

v.

**Donald Eugene THOMAS, Appellant.**

**No. 55690.**

Supreme Court of Iowa.

May 22, 1974.

John C. Platt, Jon M. Kinnamon, and Michael W. Fay, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and William G. Faches, Linn County Atty., for appellee.

UHLENHOPP, Justice.

The principal question in this appeal relates to the burden of proof on the issue of the defendant's sanity at the time he committed homicide. Iowa has been among the states which place the burden on the defendant to prove insanity, by common-law rule. State v. Booth, 169 N.W.2d 869 (Iowa).

Defendant Donald Eugene Thomas killed his wife. He was charged with murder and gave notice that he proposed to show insanity. See Code 1973, § 777.18.

At trial he introduced evidence on his mental condition at the time of the act. The State claims at the outset that the record does not contain sufficient evidence of insanity to raise a fact question, under the applicable test of sanity in M'Naghten's Case, 10 Cl. & F. 200, 8 Eng. Rep. 718. The State is right that Iowa does not follow the scintilla rule. Volkswagen Iowa City, Inc. v. Scott's Inc., 165 N.W.2d 789 (Iowa); Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696; In re Sinift's Estate, 233 Iowa 800, 10 N.W.2d 550. But examination of the testimony reveals substantial evidence presenting a fact issue on insanity, although that evidence is not strong. Defendant is compelled to rely on nonexpert testimony on the issue. See Mims v. United States, 375 F.2d 135 (5 Cir.). Since substantial evidence appears, we must consider the legal issues defendant raises. They are two.

Defendant contends, first, that the trial court erred in placing on him the burden of proving he was insane when he killed his wife. The trial court so placed the burden on defendant in Instruction 14. The State claims defendant did not preserve error. In defendant's exception to Instruction 14, however, he clearly alerted the trial court to his contention regarding the burden of proof. The trial court followed our past decisions and overruled the exception. Defendant's first contention is properly before us.

Defendant contends, second, that the trial court misstated the M'Naghten rule. Here again the State claims defendant did not preserve error. This time the record reveals the State is right. Since however the case must be retried, we think we should decide this contention also.

I. *Burden of Proof.* Defendant relies heavily on and quotes copiously from Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499. That decision was founded upon principles of common law

rather than constitutional law. Defendant also extensively argues the burden of proof issue from the standpoint of fairness and reason. We think the State was thus sufficiently apprised of what is involved that we are warranted in considering the burden of proof issue as a question of common law, rather than as a question of constitutional law. We prefer to decide cases on nonconstitutional grounds when possible. City of Des Moines v. Lohner, 168 N.W.2d 779, 782 (Iowa) ("We do not consider constitutional questions unless it is necessary for the disposition of the case."); 16 Am.Jur.2d Constitutional Law § 113 at 301; 16 C.J.S. Constitutional Law § 94 at 317 ("The principle that necessity of determination is a condition to judicial consideration of constitutional questions also finds application in the rule that such questions will not be passed on where the issues involved in the particular case may be decided on another ground, even though the constitutional issue has been properly presented."). We proceed therefore to consideration of the burden of proof issue under common-law principles.

A large number of cases can be found holding that the defendant has the burden of proving insanity or, on the contrary, that the prosecutor has the burden of proving the defendant sane. The numerous arguments pro and con are stated at length in the opinions. A few of the cases are (burden on prosecutor): Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (federal rule); Noelke v. State, 214 Ind. 427, 15 N.E.2d 950; Commonwealth v. Clark, 292 Mass. 409, 198 N.E. 641; Keeler v. State, 226 Miss. 199, 84 So.2d 153; State v. Miner, 128 Vt. 55, 258 A.2d 815; (burden on defendant): State v. Peterson, 154 S.W.2d 134 (Mo.); State v. Tansimore, 3 N.J. 516, 71 A.2d 169; People v. DiPiazza, 24 N.Y.2d 342, 300 N.Y.S.2d 545, 248 N.E.2d 412; Commonwealth v. Zlatovich, 440 Pa. 388, 269 A.2d 469; Taylor v. Commonwealth, 208 Va. 316, 157 S.E.2d 185. See Annot. 17 A.L.R.3d 146.

■ Upon careful reconsideration of the merits of this question, we conclude that the burden should be on the State to prove the defendant's sanity beyond a reasonable doubt, for the reasons stated by the United States Supreme Court in Davis v. United States, supra. We think the State must not only establish the *elements* of the crime but, when the defendant's *capacity* to commit the crime at all is drawn into question and substantial evidence appears in the record raising a fact issue under the M'Naghten test, the State must also establish the defendant's sanity. As the Court stated in the Davis case:

> Upon whom then must rest the burden of proving that the accused, whose life it is sought to take under the forms of law, belongs to a class capable of committing crime? On principle, it must rest on those who affirm that he has committed the crime for which he is indicted. That burden is not fully discharged, nor is there any legal right to take the life of the accused, until guilt is made to appear from all the evidence in the case. The plea of not guilty is unlike a special plea in a civil action, which, admitting the case averred, seeks to establish substantive grounds of defense by a preponderance of evidence. It is not in confession and avoidance, for it is a plea that controverts the existence of every fact essential to constitute the crime charged. Upon that plea the accused may stand, shielded by the presumption of his innocence, until it appears that he is guilty; and his guilt cannot in the very nature of things be regarded as proved, if the jury entertain a reasonable doubt from all the evidence whether he was legally capable of committing crime. 160 U.S. 485–486, 16 S.Ct. 357, 40 L.Ed. 505.

As the Court further points out in the Davis decision, however, this does not mean the prosecutor must in every case establish as part of his case that the defendant was sane. Involved here is the distinction between going forward with the evidence and the burden of persuasion.

Wigmore, Evidence, §§ 2485–2489 (3d ed.); McCormick, Evidence, § 336 (2d ed.). Involved also is the presumption of sanity. State v. Cooper, 195 Iowa 258, 191 N.W. 891. But if the defendant's sanity is drawn in issue and substantial evidence appears in the record raising a fact question under the M'Naghten test—regardless of the source of that evidence—then the burden devolves upon the State to prove the defendant's sanity beyond a reasonable doubt by all the evidence in the case including the presumption of sanity. As stated conversely in the Davis case regarding the jury's duty, "If the whole evidence, including that supplied by the presumption of sanity, does not exclude beyond reasonable doubt the hypothesis of insanity, of which some proof is adduced, the accused is entitled to an acquittal of the specific offense charged." 160 U.S. 488, 16 S.Ct. 358, 40 L.Ed. 506. See State v. Thiele, 119 Iowa 659, 94 N.W. 256, and compare State v. Maharras, 208 Iowa 127, 224 N.W. 537 (evidence raised fact question on insanity); State v. Buck, 205 Iowa 1028, 219 N.W. 17, with State v. Brewer, 218 Iowa 1287, 254 N.W. 834 (evidence did not raise fact question); State v. Thomas, 172 Iowa 485, 154 N.W. 768.

We thus overturn our standing rule on this subject and sustain defendant's first contention.

■ II. *M'Naghten Rule.* In Instruction 14 the trial court followed uniform instruction 501.17, II Iowa Uniform Jury Instructions (1970). In his second contention, defendant objects to the part of the following sentence in Instruction 14 which we have italicized:

> In order to constitute a defense and justify an acquittal by reason of insanity the person who claims insanity as a defense must prove by a preponderance of the evidence that the act charged was caused by mental disease or unsoundness which dethroned, overcame or swayed his reason and judgment with respect to that act to the extent that it destroyed

his power rationally to comprehend the nature and consequences of his act, *that is, to know that the particular act was wrongful.*

Defendant insists that the M'Naghten test contains two elements which must be connected by the disjunctive—a defendant must be acquitted if the homicide was caused by mental disease or unsoundness which dethroned, overcame, and swayed his reason and judgment with respect to the act to the extent that it destroyed his power rationally to comprehend the nature and consequences of that act *or* to know that the act was wrong.

Defendant's contention is not a mere play on words. The instruction given equates lack of comprehension of the nature and consequences of the act to lack of knowledge of wrongfulness. But defendant contends he is entitled to an acquittal even if he knew what he was doing if he did not know it was wrong, or vice versa.

Here again the trial court and the uniform instruction have decisional support. State v. Maharras, 208 Iowa 127, 130, 224 N.W. 537, 539 ("thereby destroying his power rationally to comprehend the nature and consequences of that act—that is, his ability to know and distinguish right from wrong—then he is not amenable to punishment"). Our later decisions, however, adopt as the proper view the one that defendant espouses, which follows M'Naghten more closely. State v. Harkness, 160 N.W.2d 324 (Iowa); State v. Carstens, 182 N.W.2d 119 (Iowa). The words of Lord Chief Justice Tindal in M'Naghten's Case are

> that, at the time of committing the act, the party accused was labouring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong. 10 Cl. & F. 210, 8 Eng.Rep. 722.

We therefore sustain defendant's second contention.

■ The rules adopted in this opinion apply only to:

1. The present case,

2. Cases tried hereafter, and

3. Cases in which proper objection was made on trial and which

    (a) are now pending on direct appeal or

    (b) can still timely be, and are, directly appealed.

Reversed.

MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ., concur.

HARRIS, MOORE, C. J., LeGRAND. and REES, JJ., dissent.

HARRIS, Justice (dissenting).

I respectfully dissent in the belief it is unwise and unjust to overrule our familiar and well-established rule. It is of long standing and was reaffirmed without dissent as recently as State v. Booth, 169 N. W.2d 869 (Iowa 1969):

"Insanity is an affirmative defense and the defendant who asserts it has the burden of proof by a preponderance of the evidence. (Authorities)." 169 N.W.2d at 871. The rule can be traced back through a multitude of our decisions. State v. Booth, supra; State v. Drosos, 253 Iowa 1152, 114 N.W.2d 526; State v. Bruntlett, 240 Iowa 338, 36 N.W.2d 450; State v. Maharras, 208 Iowa 127, 224 N.W. 537; State v. Cooper, 195 Iowa 258, 191 N.W. 891; State v. Wegener, 180 Iowa 102, 162 N.W. 1040; State v. Brandenberger, 151 Iowa 197, 130 N.W. 1065; State v. Humbles, 126 Iowa 462, 102 N.W. 409; State v. Thiele, 119 Iowa 659, 94 N.W. 256; State v. Novak, 109 Iowa 717, 79 N.W. 465; State v. Robbins, 109 Iowa 650, 80 N.W. 1061; State v. Trout, 74 Iowa 545, 38 N. W. 405; State v. Hemrick, 62 Iowa 414, 17 N.W. 594; State v. Bruce, 48 Iowa 530

(1878); State v. Geddis, 42 Iowa 264 (1875); State v. Felter, 32 Iowa 49 (1871). Other states are divided. See Annot., 17 A.L.R.3d 146.

I. The State has, to the apparent satisfaction of the majority, resisted defendant's constitutional challenge to this rule. The majority changes the rule on the basis of substantive Iowa law. I think this in itself is wrong. Defendant's assignment was on the basis of constitutionality of the rule and the State therefore did not argue or resist the change on the basis of the wisdom of our rule as a matter of substantive law. We should not take it upon ourselves to change a long-standing rule on a basis the State had no way of knowing would be considered.

Since constitutionality is raised I should state my belief the rule is constitutional. The majority relies upon Davis v. United States, 160 U.S. 469, 16 S.Ct. 343, 40 L. Ed. 499 (1895). The rationale in Davis was rejected by us in State v. Felter, supra, and has been rejected by us ever since.

I do not believe this determination should be affected by arguments advanced to shift the burden of proof from the accused to the prosecution where alibi is suggested as a defense. See Johnson v. Bennett, 414 F.2d 50 (8 Cir. 1969) and Stump v. Bennett, 398 F.2d 111 (8 Cir. 1968), cert. den., 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed. 2d 466. Sanity is not an element of the crime alleged although insanity may be claimed in defense of evidence adduced to show the element of intent. The effect of the majority's holding is to compel the State to treat sanity as an element. This is unfair to the State because insanity is a negative condition. It is a largely subjective disorder in which the mind is other than normal and contrary to what is presumed both in law and in terms of human experience. To place on the State the burden of proving a negative condition of mind of the accused strikes me as wholly unwarranted.

Section 777.18, The Code, treats both alibi and insanity and considers both to be defenses. The joint treatment of alibi and insanity does not however make them similar.

"* * * Certain distinctions separate the two concepts. Affirmative defenses must be established by their proponents. While it has been so treated in some courts, alibi is not a true affirmative defense. The defendant's presence at the scene of the crime, where this presence constitutes an issue in the case, is an essential element of the crime. As such, presence must be proved by the prosecution beyond a reasonable doubt. When the defendant offers alibi proof that he was elsewhere, he is not setting up a special defense; rather, he is simply contradicting the government's assertion that he was present at the scene of the crime. Alibi proof is thus rebutting proof, as opposed to proof of an independent affirmative defense." Carlson, 10 The Judges Journal 51 (1971). Professor Carlson then quotes Judge Lay in Stump v. Bennett, supra:

"The defense of alibi is readily distinguishable from the plea of insanity. Basically, alibi relates to the presence of the defendant at the scene of the crime. Proof of the defendant's presence and participation is a wholly indispensable factor to the government's case; it is sine qua non to sustain a verdict of guilty. In reality the [challenged jury] instruction shifts the burden of persuasion on an essential element of the crime and thus requires the defendant to assume the onus of proving a negative averment, i. e., non-presence. *In contrast to an insanity plea, Stump's defense did not admit the act in any way, or any element of the crime, but rather denied any knowledge of it. Nor is the shift here based upon any conflicting legal presumption involved, as in insanity.*" (Emphasis added) 398 F.2d at 119–120.

The constitutionality of our rule is resolved against the defendant by Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L. Ed. 1302 (1952). That opinion is often

challenged as no longer being viable. See special concurrence in State v. Buchanan, 207 N.W.2d 784, 789 (Iowa 1973). I believe Leland is still viable. People v. Miller, 7 Cal.3d 562, 102 Cal.Rptr. 841, 498 P.2d 1089 (1972); State v. Mytych, 292 Minn. 248, 194 N.W.2d 276 (1972); Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); Earp v. Cupp, 453 F.2d 378 (9 Cir.), cert. den., 409 U.S. 868, 93 S.Ct. 167, 34 L.Ed.2d 118 (1972); Phillips v. Hocker, 473 F.2d 395 (9 Cir.), cert. den., 411 U.S. 939, 93 S.Ct. 1916, 36 L.Ed.2d 401 (1973); United States v. Greene, 489 F.2d 1145 (D.C.Cir. 1973). Our rule is constitutional. The majority was right in refusing to change it on that basis.

II. As a matter of substantive Iowa law our legislature has shown in section 777.18, The Code, what it believes the rule to be.[1] As previously noted it treats both alibi and insanity and considers both to be affirmative defenses to be interposed by a defendant. The suggested change should be rejected on the basis of legislative intent.

Section 783.2, The Code, prescribes the separate trial to be had when an accused claims insanity during trial. It places the burden upon the defendant to prove his claim. The majority relies on common-law, rather than constitutional, principles. It strikes me as a poor principle which invites diametrically opposed burdens of proof. Under the rule adopted by the majority the State must prove defendant was not insane at the time of the offense. Under section 783.2 the defendant must prove he is insane at the time of trial.

The change proposed by the majority constitutes an unwise invitation for endless questions, few of which can have satisfactory answers. Can the prosecution rely on the presumption of sanity in the first instance? What is necessary under the new rule to raise insanity as an issue in the case? Does the presumption of sanity re-

main operative as an aid to the prosecution after insanity is an issue? Is the presumption of sanity sufficient in itself to take the question to the jury? May the prosecution rely on lay evidence of sanity? May the prosecution rely on lay evidence where the defense offers testimony of experts? To what extent is the question foreclosed when someone has been legally adjudicated insane? The list of questions can doubtless be extended faster than we can answer them.

Taking the question and the authorities as stated in the majority opinion I would reach the opposite conclusion. I would reassert our long-standing rule as it was stated in State v. Booth, supra. Since I agree with the majority in the view error was not preserved as to the second assignment I would affirm.

MOORE, C. J., and LeGRAND and REES, JJ., join in this dissent.

[1]. Legislative intent on the substantive question under submission is unaffected by any question as to the constitutionality of section 777.18, The Code. Wardius v. Orgeon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82. The section nevertheless discloses the legislature's view insanity is an affirmative defense.