## MATTER OF BALTAZAR

### In Deportation Proceedings

### A-19092787

*Decided by Board February 18, 1977*

(1) Respondent's application for relief under section 245 of the Immigration and Nationality Act filed in deportation proceedings brought under section 241(a)(2) of the Act was denied as a matter of discretion by the immigration judge based on evidence that the respondent had divorced his wife in order to obtain immigration benefits and had a preconceived intent to remain at the time of his entry into the United States as a nonimmigrant. This evidence was in the form of a written memorandum to the file by the arresting officer, and his testimony at the hearing, based on answers to the officer's questions given by respondent while being taken to the Service office. At the time of arrest, respondent was advised of his right to silence and unsuccessful attempts were made to locate his attorney. On appeal counsel contends that the interrogation was unlawful because it was conducted without the presence of counsel and without *Miranda* warnings.

(2) Neither the statute nor the regulations provide that an alien in deportation proceedings is entitled to have counsel present during the initial interrogation or receive *Miranda* warnings, nor are *Miranda* warnings required to be given in connection with civil proceedings under the immigration laws, even to an alien in custody.

(3) The Supreme Court has held with respect to criminal proceedings that in a case in which the *Miranda* decision did not apply, a person who requested assistance of counsel but nonetheless proceeds to answer questions, had not been deprived his right to counsel. There is no indication in the record that respondent answered the questions under duress or as a result of coercion.

(4) Respondent's preconceived intent to remain in the United States is an adverse factor relating to his application for discretionary relief and has no bearing on deportability. Evidence indicating that the respondent divorced his wife primarily to obtain immigration benefits is a significant adverse factor bearing upon the exercise of discretion. However, *Matter of Blas*, Interim Decision 2485, (A.G. 1976) is distinguishable from this case because unlike the present case in *Blas* there was evidence that the divorce was obtained for reasons other than to circumvent the immigration laws.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT:  Richard Fraade, Esquire
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The respondent was found deportable under section 241(a)(2) of the

Immigration and Nationality Act and granted voluntary departure in lieu of deportation in proceedings instituted against him in 1972. He moved to reopen the proceedings in order to apply for adjustment of status under section 245 of the Act. In a decision dated April 15, 1976, the immigration judge, after granting the motion, denied the application and renewed the previous grant of voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The immigration judge held that the respondent, a native and citizen of the Philippines, was statutorily eligible for section 245 relief, but he denied it as a matter of discretion. In so doing, he relied on evidence that the respondent had divorced his wife in order to obtain immigration benefits, and that, at the time of his entry to the United States as a nonimmigrant, the respondent had a preconceived intent to remain in the United States.

The evidence was in the form of a written memorandum to the file by the arresting immigration officer and the officer's testimony at the hearing. In the memorandum and at the hearing the witness allegedly related the substance of an interrogation made of the respondent after his arrest. According to the officer's testimony, at the time of the arrest the respondent asked that his attorney be notified. An unsuccessful attempt was made to contact her. The officer also testified that he had advised the respondent at that time of his right to remain silent (Tr. p. 23–24). Nevertheless, while being taken to the Service office, the respondent answered the officer's questions, admitting that he came to the United States with the intention to remain here permanently and that he had divorced his wife in order to obtain an immigrant visa. Shortly after arriving at the Service office, the respondent's attorney was contacted.

Counsel objects to the admission into evidence of the memorandum and of the arresting officer's testimony. He contends that the interrogation was unlawful because it was conducted (1) without the presence of counsel and (2) without *Miranda* warnings.

It is not clear from this record that there was a failure to give *Miranda* warnings. In any event, neither the statute nor the regulations provide that an alien in deportation proceedings is entitled to have counsel present during an initial interrogation or to receive the warnings required in criminal proceedings by the Supreme Court's decision in *Miranda* v. *Arizona*, 384 U.S. 436 (1966). Furthermore, it has been held that *Miranda* warnings are not required to be given in connection with civil proceedings under the immigration law, even to an alien in custody. *Chavez-Raya* v. *INS*, 519 F.2d 397 (7 Cir. 1975). See *Nai Cheng Chen* v. *INS*, 537 F.2d 566 (1 Cir. 1976); *Trias-Hernandez* v. *INS*, 528 F.2d 366 (9 Cir. 1975); *Matter of Chen*, Interim Decision 2440 (BIA 1975), affirmed *Chen* v. *INS*, 537 F.2d 566 (1 Cir. 1976).

Counsel argues that the fact that the respondent was questioned without counsel after having requested counsel amounted to a denial of his Sixth Amendment right. We disagree. In *Escobedo v. Illinois*, 378 U.S. 478 (1964) the United States Supreme Court established the right to have the assistance of counsel in a criminal interrogation when the person being interrogated so requested. However, the Supreme Court has held with respect to criminal proceedings that, in a case in which the *Miranda* decision did not apply, a person who made a request for the presence of counsel but who nonetheless proceeded to answer questions had not been deprived of his right to counsel. *Frazier v. Cupp*, 394 U.S. 731 (1969). See also *Earp v. Cupp*, 453 F.2d 378 (9 Cir. 1972); *Connors v. South Dakota*, 422 F.2d 122 (8 Cir. 1970), cert. denied 389 U.S. 954 (1970). As in *Frazier*, there is no indication in the record that the respondent answered the questions under duress or as a result of coercion. We note that the court stated in *Frazier* that the defendant's request had been somewhat ambiguous. Nevertheless, even assuming that in the present case the request for counsel was clearer than that in *Frazier*, we find the distinction insignificant in view of the more stringent rules applicable to criminal proceedings.

The admissions made by the respondent regarding his preconceived intent to remain here permanently have no bearing on deportability, which has been conceded. They relate only to his application for discretionary relief and are an adverse factor. *Soo Yuen v. INS*, 456 F.2d 1107 (9 Cir. 1972); *Ameeriar v. INS*, 438 F.2d 1028 (3 Cir. 1971), cert. dismissed, 404 U.S. 801 (1971); *Chen v. Foley*, 385 F.2d 929 (6 Cir. 1967), cert. denied, 393 U.S. 838 (1968); *Cubillos-Gonzalez v. INS*, 352 F.2d 782 (9 Cir. 1965); *Castillo v. INS*, 350 F.2d 1 (9 Cir. 1965). Moreover, we also conclude that the evidence indicating that the respondent divorced his wife primarily to obtain immigration benefits is a significant adverse factor which bears upon the exercise of discretion. We note that the facts of this case distinguish it from those in *Matter of Blas*, Interim Decision 2485 (BIA 1974; Attorney General 1976). In *Blas*, although affirming the Board decision denying the application for adjustment of status, the Attorney General held that it was improper to deny the relief for the purpose of vindicating the alien's former marriage. However, in *Blas*, unlike in the present case, there was evidence that the divorce was obtained for reasons other than to circumvent the immigration laws.

The equities present in behalf of the respondent are insufficient to warrant a grant of adjustment of status. Accordingly, we conclude that the immigration judge's denial of section 245 relief was proper, and we shall dismiss the appeal.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is granted voluntary depar-

ture without expense to the Government on such date as may be granted by the District Director. If the respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings and the following Order shall thereupon become immediately effective: the respondent shall be deported from the United States to the Philippines on the charge contained in the Order to Show Cause.